413 So.2d 180 (1982)
Willie JONES
v.
John THOMAS, the Audubon Park Commission, Puritan Insurance Company and the City of New Orleans.
No. 12705.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied May 19, 1982.
Gregory P. DiLeo and A. J. Capritto, New Orleans, for plaintiff-appellant.
Henry W. Kinney, III, New Orleans, for defendants-appellees.
James Hanemann, Jr., New Orleans, for defendant-appellee.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a judgment dismissing the plaintiff's petition based on exceptions of no cause and no right of action as to two of the defendants and a motion for summary judgment as to a third defendant.
The following facts were alleged in the plaintiff's original petition and his amended and supplemental petition: The plaintiff and defendant John Thomas were employees of the City of New Orleans [hereinafter referred to as "City"] working at Audubon Park for the Audubon Park Commission [hereinafter referred to as "APC"]. The APC is an agency of the City. On October 22, 1980, defendant Thomas attacked the plaintiff resulting in injuries to the plaintiff's head.[1]
*181 The plaintiff filed suit against Thomas, the City, and Puritan Insurance Co. [hereinafter referred to as "Puritan"], the City's insurer. The plaintiff later added the APC and its unnamed insurer as defendants to the action. The petition alleged that the City and the APC were liable to the petitioner in tort under the doctrine of respondeat superior.
Defendant Puritan filed a motion for summary judgment and a peremptory exception of no right of action, asserting that the Comprehensive General Liability Insurance Policy it had issued to the APC expressly excluded coverage for workers' compensation which was the plaintiff's exclusive remedy in this case. The APC and the City filed exceptions of no cause of action and no right of action on the basis that the plaintiff was precluded from bringing an action based in tort because his exclusive remedy was workers' compensation. After oral argument, the trial court granted the exceptions of no cause of action brought by the City and the APC, and overruled the exception of no right of action brought by Puritan. The trial court later granted the motion for summary judgment brought by Puritan dismissing it from the suit. At an even later date, the trial court granted the exceptions of no cause of action brought by the City and the APC.
The question presented by the instant case is whether workers' compensation is the exclusive remedy against an employer of an employee injured by an intentional tort of a co-employee.
In 1976, the workers' compensation suit was amended to provide:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under other statute or the liability, civil or criminal, resulting from an intentional act. The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
La.R.S. 23:1032 as amended by Act 147 of 1976. This question is one of first impression in this circuit since the statutory amendment of 1976. The plaintiff urges that the amendment should be read so as to allow an employer to be sued in tort by an employee who has been intentionally harmed by a co-employee. The plaintiff also argues that recent jurisprudence supports such a construction of the statute.
The decision upon which the plaintiff principally relies is Bazley v. Tortorich, 397 So.2d 475 (La.1981). In Bazley, the Louisiana Supreme Court upheld the constitutionality of La.R.S. 23:1032, as amended, as it precludes suits by employees seeking to recover from certain persons for work related injuries. In Bazley, an employee who was injured because of the negligence of a co-employee, sought to have the amended statute *182 declared unconstitutional because it precluded him from bringing suit against his co-employee in tort and provided that workers' compensation was his exclusive remedy. The Louisiana Supreme Court outlined the changes brought about by the amendment as follows:
"Formerly, the workers' compensation statute provided that compensation was an employee's exclusive remedy against his employer for a compensable injury, leaving him free to pursue other remedies against third persons. The amendment modified the exclusive remedy rule in two respects. First, it provided that for an unintentional injury compensation shall be the exclusive remedy, not only against the employer, but also against any principal, officer, director, stockholder, partner or employee of the employer or principal who was engaged at the time of the injury in the normal course and scope of his employment. Second, it provided that for an intentional act resulting in compensable injury the employee may exercise his right under the compensation act and pursue any other remedy available against the employer and other persons under general law."
Id. at 479 [footnote omitted].
The Supreme Court also held: "[W]e construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses." Id. at 482.
The plaintiff argues that these two statements demonstrate the intent of the court to hold specifically that an employer may be sued in tort in situations such as the one presented in this case. We do not agree.
The 1976 amendment was designed to minimize the potential liability of executive officers from suits brought outside of the scope of workers' compensation. Before this amendment was enacted, executive officers were not immune from tort suits based upon injury to an employee because of negligence of a co-employee. E.g. Berry v. Aetna Cas. & Surety Co., 240 So.2d 243 (La.App. 2d Cir. 1970). As the court in Bazley noted, the legislature specifically chose to provide that compensation should not be the exclusive remedy in cases of injury caused by intentional acts, thereby imposing sanctions for intentional wrongdoings. 397 So.2d at 480, citing La.H.R.Off. Journal, H.B. 354 at p. 20 (June 4, 1976).
We are aware that the Third Circuit Court of Appeal recently has decided that an employer is liable in tort for intentional harm inflicted on an employee by a co-employee. Rennier v. Johnson, 410 So.2d 1149 (La.App. 3d Cir. 1982). We feel, however, that the better construction of this amendment would be to allow an employee to sue a co-employee in tort for an intentional harm, but not the employer if the employer's only liability were vicarious, e.g., based on a theory of respondeat superior. If, however, the employer committed the intentional tort personally or caused it to be committed, then workers' compensation should not be the exclusive remedy of the injured employee and in this instance the employer should be subject to a "fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." La.R.S. 23:1032; cf. Miller v. Keating, 349 So.2d 265 (La.1977). (corporation president conspired to kill the plaintiff, former vice president of the company).
Not only does a common sense reading of this statute indicate that this is the proper construction, but the majority of commentators also indicate that this is the correct approach. The rationale of this construction is that an intentional tort committed by an employee on a co-employee without the knowledge or consent of the employer is an "untoward happening or event" and should be considered an accident. The injured employee's exclusive remedy, therefore, would be compensation. W. Malone & A. Johnson, Workers' Compensation § 365 in 14 La.Civ.L. Treatise 165 (2d ed. 1980). See also A. Larson, 2 Larson's Workmen's Compensation § 68.00 at 13-21 ("[w]hen the intentional injury is committed by a co-employee the better rule is that an action in damages will not lie against the employer merely because the co-employee occupied *183 supervisory status in relation to the claimant"); and § 68.00 at 13-2 ("It is well established that deliberate assault upon an innocent employee by some third person or co-employee is an `accidental injury,' and therefore compensable.")
The amendment enacted in 1976 does not disturb the prior jurisprudence that held that the injured employee was limited to recovery under the compensation statute. Johnson & Malone, supra, at 165. The decision of the trial court dismissing the plaintiff's action for damages against the defendants was correct.
For the foregoing reasons, the judgment of the trial court is AFFIRMED.
AFFIRMED.
NOTES
[1] Although the plaintiff does not state in his petition the underlying cause of the incident, all parties, in briefs to this court, acknowledge that the plaintiff was attacked during a dispute with Thomas over "break times".