413 So.2d 995 (1982)
Oscar JACOBSEN and Cecelia Jacobsen
v.
SOUTHEAST DISTRIBUTORS, INC., Erwin Vogel, Richard Vogel, Frank Knight and ABC Insurance Company.
No. 12791.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 1982.
Writ Denied June 11, 1982.
*996 Melvin W. Mathes, Beard, Blue, Schmitt, Mathes, Koch & Williams, New Orleans, for defendant-appellant.
William W. Miles, Conner, Martinez & Miles, Metairie, for plaintiffs-appellees.
Joseph R. Ward, Jr., Buckley & Ward, New Orleans, for defendant-appellant.
Before BARRY, AUGUSTINE and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding the defendant Frank Knight liable for injuries sustained by the plaintiff while he was working for Southeast Distributors, Inc. ["Southeast"].
The plaintiff was a painter for Southeast. At the time of the accident, plaintiff was working on a job applying a waterproofing mixture to the exterior of the De La Poste Hotel in New Orleans. Frank Knight was his supervisor on the job. On this job, the plaintiff worked on a "swinging stage". This is an eighteen-foot long stage supported by two ropes. According to the plaintiff, he requested a safety line on his first day on the job. A safety line is a rope, one end of which is attached to the building on which a man is working and the other end is attached to the worker's belt. It is designed to prevent the worker from striking the ground in case of a fall. The plaintiff testified that Knight refused to supply him with the line and a plywood covering for the adjoining roof. Because the swinging stage already had been rigged from a previous job at the same site, Knight apparently stated it required too much time to supply the requested equipment. There was also testimony introduced into the record to show that Knight had told the plaintiff not to worry about the lack of safety equipment because the ledge along side of which he was working would protect him.
On August 8, 1979, the plaintiff fell off the swinging stage. The exact reason that he fell is uncertain. The defendant claims that the man who was working with him on the stage caused the fall. Nevertheless, it is the plaintiff's contention that Knight's intentional act of not supplying the requested safety equipment was the cause of the injury sustained by him.
The plaintiff and his wife originally filed suit against Southeast and certain executive officers of the corporation, one of which was Frank Knight. During the course of trial, Mrs. Jacobsen was removed as a plaintiff, and all other defendants were removed other than Frank Knight.
The defense filed an exception of no cause of action which was denied by the trial judge, and on March 24-25, 1981, trial was held before a twelve-person jury. After trial, the jury found that Frank Knight committed an intentional act that was the cause of Oscar Jacobsen's injuries and awarded him $634,000.00 in monetary damages.
The defendant has appealed to this court, asserting that there were two errors in the lower court: (1) the trial court was in error in applying La.R.S. 23:1032 to the instant case, because Frank Knight did not commit an intentional act; and (2) the monetary award given to the plaintiff by the jury was clearly excessive. Because we find that the trial court was in error in finding Frank Knight liable under the provisions of La. R.S. 23:1032, we need not reach a decision as to issue of quantum.
The question presented by the instant case is whether the behavior of Mr. Frank Knight is an intentional tort within the contemplation of La.R.S. 23:1032 as amended.
In 1976, the Worker's Compensation law was amended to provide:
"The rights and remedies herein granted to an employee or his dependent on account of an injury or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies *997 of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury or compensable sickness or disease. The purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is part of his trade, business or occupation in which he was engaged at the time he was injured, or which he has contracted to perform in contracts with any persons for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under the statute for the liability, civil or criminal, resulting from an intentional act. Immunity from civil liability provided by this Section shall not extend to:
1) Any officer, director, stockholder, partner or employee except employer or principal who was not engaged at the time of the injury in the normal course and scope of his employment; and
2) For the liability of any partner in a partnership which has been formed for the purposes of evading any of the provisions of this Section." La.R.S. 23:1032 as amended by Act 147 of 1976.
In Bazley v. Tortorich, 397 So.2d 475 (La. 1981), the Louisiana Supreme Court upheld the constitutionality of La.R.S. 23:1032, as amended, as it precludes suits by employees seeking to recover from third persons for work-related injuries. In that decision, the Supreme Court held:
"[W]e construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses."
Id. at 482.
In Jones v. Thomas, 413 So.2d 180 (La. App. 4th Cir. 1981), we held that an employee has an action in tort against his employer only if that employer were responsible for an intentional tort that occasioned the damage sustained by the employee. In the instant case, there is no dispute as to the fact that Frank Knight is an executive officer of the corporation, and therefore within the purview of this provision of the statute. If the tort committed by Frank Knight is considered to be intentional, then he may be sued. If it is merely a tort involving some degree of negligence, even the grossest negligence, then the plaintiff's exclusive remedy is worker's compensation.
In Bazley, supra, the Louisiana Supreme Court concluded that the words "intentional act" contained in La.R.S. 23:1032 had the same meaning as "intentional tort" in reference to civil liability. Id. at 480. The court went into great discussion as to the meaning of intentional act and held that:
"The meaning of intent is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself."
The court also held that intent is not limited to those instances where the consequences of the act were desired. If the tortfeasor knows that the consequences are certain or substantially certain to result from the tort and still performs it, then in the eyes of the law he is treated as if he had in fact had the intent to produce that result. Id. at 482.
At trial, Knight testified that it was correct to assume that there was a reasonable probability of an accident occurring in view of the hazardous type of work that was being performed. He also testified he did know that if a man were to fall from the height from which the plaintiff fell, that he would injure himself.
The question before the court, therefore, is whether this knowledge which Frank Knight admitted to have as to the reasonable probability of an accident occurring and *998 as to the knowledge as to the result of such an accident, could be the substantial certainty required by the Bazley decision.
Webster's Third New International Dictionary (1961) defines "probable" as "that is based on or arises from fairly, though not absolutely adequate, convincing, conclusive intrinsic or extrinsic evidence or support". "Certain," however, is defined as "inevitable," or "incapable of failing". The semantical difference between "reasonably probable" and "substantially certain" is significant, especially in light of Frank Knight's actions. Furthermore, we cannot isolate Knight's use of the phrase "reasonably probable" from the rest of the evidence including the remainder of his testimony presented at trial. We are aware that the words "certain" or "substantially certain" are terms of the judicial art. Had Knight actually testified that it was certain, rather than probable, that an accident would happen, it still would not be conclusive on the issue of intent. A witness's choice of words to express himself, especially when the witness is a layman, is not necessarily so narrowly or judiciously made as always to be the precise expression of the witness's meaning.
Other cases have addressed the question of whether a tort was intentional and have found that a high degree of probability is not sufficient to find that the tortfeasor actually intended the consequences of his act. E.g. McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3d Cir. 1980).
Based on the circumstances presented by the instant case, we cannot find that the plaintiff has proved that Frank Knight had the intent to cause the tort which injured the plaintiff. Other than Mr. Knight's own testimony that he felt it would be a reasonable assumption to say that it was probable that an accident could occur on the job and that someone would be injured as a result thereof, there is not one scintille of evidence in the record to support a determination that Frank Knight intended for Mr. Jacobsen to sustain the injuries that he did as a result of his fall or was substantially certain that they would happen.
We note that the Bazley court pointed out that in most states, intentional misconduct "require[s] a commission of a genuine intentional tort and have refused to stretch liability to include negligence, recklessness or constructive intent." See Mayer v. Blue Cross Ins. Co., 402 So.2d 273 (La.App. 4th Cir. 1981).
Knight's conduct in the instant case may not have been free of fault, but nevertheless we cannot say that it was intentional. Because the executive officer of the corporation is not liable in tort for the injuries which Jacobsen sustained while on the job, his exclusive remedy therefore, is worker's compensation.
For the foregoing reasons, the decision of the trial court is reversed.
REVERSED.
BARRY, Judge, concurs.
I have searched the record to find support for the judgment, but the problem is that the jury improperly applied the exclusive remedy (immunity) rule as it pertains to intentional torts.
Bazley defines the requisite intent of the executive officer in order to find liability under LSA-R.S. 23:1032 as: a conscious desire to cause injury or substantial certainty that injury will follow his conduct.
The defendant's failure to provide or refusal to provide a safety line, by itself, does not indicate or manifest a conscious desire to intentionally cause injury. This record is void of evidence to support a charge that the defendant consciously or unconsciously wanted to harm or injure plaintiff.
Defendant was asked on cross examination: "And you knew there was reasonable probability of accidents happening, ..." and he candidly replied: "Yes". From this answer plaintiff argues that the defendant fully appreciated as a fact that the accident would occur and therefore was substantially certain of the resultant injury. This reasoning and conclusion is erroneous and contrary to Bazley.
*999 Despite the Trial Judge's jury charge which correctly tracked Bazley's requirements in order to find an intentional tort, the jury misapplied the facts to the law and unfortunately its conclusion was clearly wrong.
The exclusive remedy rule, though harsh and restrictive, is a fact of life subject to change through the legislative process. In the meantime, seriously injured workers, such as this plaintiff, are relegated to the confines of the compensation statutes.
I reluctantly concur.