KLIEBERT, Judge.
This is an appeal by plaintiff-worker, Jerry Hamm, from a judgment on a motion for summary judgment dismissing his suit in tort against his employer, Precision Re-builders, Inc. For the reasons which follow, we affirm.
Plaintiff’s original petition alleged that he contracted dermatitis on his hands as a result of being exposed to a chemical coolant used to cool a drill press he used in the course of his employment. Further, he alleges his employer knew or should have known that continued exposure of plaintiff’s skin to the coolant would cause his present injury. In response to the petition Precision filed an exception of no cause of action and an exception of no right of action based on the contention plaintiff’s exclusive remedy against it was for workman’s compensation benefits. Before a hearing on the exceptions, plaintiff amended his petition by adding the following paragraph:
XII B.
That it was reasonably certain that injury would result to petitioner as a result of defendant’s refusal, such refusal thereby constituting a specific intent by defendant that harm should result to petitioner.
Apparently, at the hearing on the exceptions, the court was informed a motion for summary judgment would be filed, for the trial judge dismissed the exceptions as moot. Precision then filed an answer to the original and supplemental petition.
Defendant filed interrogatories seeking general information concerning plaintiff’s status and the circumstances of his injury. Interrogatory No. 4 and plaintiffs response was as follows:
Interrogatory No. 4.
Please state with as much detail as possible how the accident happened, giving the time of day, date and place of accident.
Answer to Interrogatory No. 4
I began working in October, 1981 with a drill press. The drill I used had a coolant constantly flowing onto it to keep the press from getting too hot. This coolant would get onto my hands as I worked. *310 Approximately six months later I began to experience the problems which led to this lawsuit.
Following receipt of the answers to the interrogatories, defendant filed a motion for summary judgment. Neither party filed affidavits or depositions in support of, or in opposition to the motion for summary judgment. Rather, both parties relied on the pleadings and the answers to the interrogatories.
The trial court concluded there was no intentional tort committed by the employer, Precision; hence, he granted the motion for summary judgment dismissing plaintiffs suit.
La.R.S. 23:1032 limits the employee’s action against his employer to recovery of workmen’s compensation benefits except where the injury resulted from an “intentional act.” The definition of an “intentional act” was first considered by the State Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981). In Bazley, the Supreme Court equated “intentional act” to an intentional tort at common law. Thus, it required the actor to actively desire the results or know that the results are certain or substantially certain to follow. Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984).
A preliminary pitfall for plaintiffs seeking to recover from their employers in tort under the exclusion has been inadequate pleadings of an “intentional act.” In the recent case of Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984) plaintiff stated a cause of action for an intentional act when his petition alleged officers of the employers knew to a substantial certainty their acts in violation of safety regulations would cause the explosion which injured plaintiff. In so doing, it relied on Code of Civil Procedure Article 856 which provides:
“Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.”
The Court, however, left open for a showing on a motion for a summary judgment the lack of genuineness of the plaintiff’s conclusionary allegation.
In Brown v. Ebasco Services, Inc., 461 So.2d 443 (La.App. 5th Cir.1984) (remanded for other reasons), this court concluded that a plaintiff does not allege an “intentional act” merely by mentioning the words “intent” or “intentional” if the allegation of fact in the petition merely alleges a cause of action in negligence.
Thus, where the facts set forth in the pleadings or in the affidavits, depositions or the answers to interrogatories show there is no genuine issue as to the defendant’s intent to cause the injury, notwithstanding a conclusionary allegation stating otherwise, the plaintiff’s claim is subject to dismissal on a motion for summary judgment.
Here the record as presently constituted shows a genuine issue of fact as to whether the employer was negligent; but, there is nothing to indicate the employer intended the injury to occur or was reasonably certain that its failure to act would result in the injury.
Accordingly, we affirm the trial court’s judgment. Costs are to be borne by the appellant.
AFFIRMED.