496 So.2d 1184 (1986)
Edward A. TAYLOR
v.
METROPOLITAN ERECTION COMPANY, et al.
Nos. 86-CA-213, 86-CA-283.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
Writ Denied December 12, 1986.
Gregory F. Gambel, New Orleans, for plaintiff/appellant.
Allain F. Hardin, Wiedemann & Fransen, New Orleans, for defendants/appellees.
Dominic J. Ovella, Metairie, for intervenors/appellants.
*1185 Before BOWES, GRISBAUM and WICKER, JJ.
BOWES, Judge.
On December 3, 1981, while in the course and scope of his employment, plaintiff, Edward Taylor, was injured when he fell off a scaffold at the construction site in Jefferson Parish at which he was working. Plaintiff filed suit against his employer, Metropolitan Erection Company (MECO); Frank Lanier, an executive of MECO; Oliver-Wool Construction Company, Inc., the principal contractor; and Woody Gilmore, the plaintiff's direct supervisor. Taylor sought damages in tort, alleging that his fall and resulting injuries were caused by the "intentional acts" of the defendants. These intentional acts were alleged to include:
1. Intentionally failing to provide a safety belt to the plaintiff after repeated requests; and
2. Intentionally requiring plaintiff to work on a dangerous makeshift scaffold.
The defendants answered and asserted that the plaintiff had no right of action in tort, that the exclusive remedy available to the plaintiff was workman's compensation as provided by LSA-R.S. 23:1032 of the Louisiana Workman's Compensation Act.
Interventions were filed by Oliver-Wool Construction Company, as the party who paid compensation to plaintiff, and the Northern Insurance Company of New York, based on LSA-R.S. 23:1101-1103 and the plaintiff's tort claim. (An additional claim based on contractual indemnity was added to the intervenor's petition, but that claim has been consolidated with a similar action in another division of the trial court and plays no part in this appeal).
Three of the defendants, MECO, Frank Lanier, and the Oliver-Wool Construction Company, Inc., filed a Motion for Summary Judgment to have the plaintiff's intentional tort claim dismissed based on the fact that there was no genuine issue of material fact as to the lack of an "intentional act" on the part of those defendants. The trial judge concluded that there was no intentional act on the part of the defendants and, therefore, plaintiff's exclusive remedy was the Louisiana Workman's Compensation Act. Summary Judgment was granted by the trial court as a matter of law on November 6, 1985 in favor of the three defendants over the opposition of both the plaintiff and intervenors.
Based on the dismissal of the plaintiff's tort claim, on January 3, 1986, the trial court judge also dismissed the intervenor's claims for tort indemnification since those rights were completely dependent on the viability of the plaintiff's tort suit.
Both the plaintiff and the intervenors have appealed the judgments of November 6, 1985 and January 3, 1986 described in the preceding paragraph. We affirm both judgments.
According to Article 966 of the Louisiana Code of Civil Procedure, summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The Louisiana Supreme Court has made it clear that summary judgment is the proper procedural tool to penetrate a plaintiff-employee's general allegations that his injuries resulted from an intentional tort. Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984).
When a Motion for Summary Judgment is made and properly supported, an adverse party may not rest on the mere allegations of his pleadings; his response must set forth specific facts showing that there is a genuine issue for trial. Louisiana Code of Civil Procedure Article 967.
In Jones v. City of Kenner, 442 So.2d 1242 (La.App. 5 Cir.1983), a panel of this court stated:
To determine whether there is a genuine issue of material fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested issues *1186 of fact are so patently insubstantial as to present no genuine issues. Allegations without substance will not preclude summary judgment. See Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir.1972), writ refused at 261 La. 462, 259 So.2d 914 (1972); City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979); and Aydell v. Charles Carter & Company, 388 So.2d 404 (La.App. 1st Cir.1980), writ refused at 391 So.2d 460 (La.1980).
When documents in support of a motion for summary judgment are sufficient to resolve all genuine issues of material fact, the sufficiency shifts the burden to the other party to present evidence showing that a material fact is still at issue. Jones v. American Bank and Trust Company, 387 So.2d 1360 (La. App. 1st Cir.1980).
In the case before us, plaintiff Edward S. Taylor seeks to avoid the exclusive remedy of workman's compensation by alleging that his injury was caused by the defendants' "intentional act." See LSA-R.S. 23:1032 and Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Where the plaintiff has alleged an intentional tort claim against his employer, if the facts set forth in the pleadings, the affidavits, depositions, or answers to interrogatories show there is no genuine issue as to the defendant's intent to cause the injury, notwithstanding a conclusory allegation stating otherwise, the plaintiff's claim is subject to dismissal on a motion for summary judgment. Hamm v. Precision Rebuilders, Inc., 470 So.2d 308 (La.App. 5 Cir.1985); Gallant v. Transcontinental Drilling Company, 471 So.2d 858 (La.App. 2 Cir.1985). This is what the learned trial judge concluded here.
The words "intent and/or intentional" and the allegation that the defendants "knew or should have known" that the plaintiff's "injuries were substantially certain to follow" are not talismans which, by mere recital, convert allegations into creditable claims of true intentional tort.
We find that this case closely parallels the case of Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4 Cir. 1982) writ denied. In the Jacobsen case, plaintiff, a painter, requested a safety line his first day on the job. His supervisor refused Jacobsen's request, apparently citing time requirements as an excuse. Subsequently, plaintiff fell and brought suit in tort against his supervisor, employer and others. Our brothers of the Fourth Circuit found that the failure of the painter's supervisor to supply the requested safety line was not an intentional tort within the meaning of LSA-R.S. 23:1032.
In discussing the phrase "substantially certain", the court in Jacobsen stated, and we quote, approvingly:
Webster's Third New International Dictionary (1961) defines "probable" as "that is based on or arises from fairly, though not absolutely adequate, convincing, conclusive intrinsic or extrinsic evidence or support". "Certain," however, is defined as "inevitable," or "incapable of failing". The semantical difference between "reasonably probable" and "substantially certain" is significant, [...]
Other cases have addressed the question of whether a tort was intentional and have found that a high degree of probability is not sufficient to find that the tortfeasor actually intended the consequences of his act. E.g. McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3d Cir.1980). [...]
We note that the Bazley court pointed out that in most states, intentional misconduct "require[s] a commission of a genuine intentional tort and have refused to stretch liability to include negligence, recklessness or constructive intent." See Mayer v. Blue Cross Ins. Co., 402 So.2d 273 (La.App. 4th Cir.1981).

Jacobsen, supra at 998.
We believe that Judge Barry, in his concurrence in Jacobsen, supra, gleaned the essence of the problem when he stated:
The exclusive remedy rule, though harsh and restrictive, is a fact of life *1187 subject to change through the legislative process. In the meantime, seriously injured workers, such as this plaintiff, are relegated to the confines of the compensation statutes.
Based upon the foregoing legal principles and the record before us, we find no manifest error in the determination by the trial judge that there was no genuine issue of material fact as to plaintiff's claim of "intentional tort." The judgment of November 6, 1985, dismissing plaintiff's suit, is affirmed.
The trial judge, once the principal demand had been dismissed, had no choice but to dismiss any claim based upon that demand. Since we have affirmed the dismissal of the principal demand, we are in a like situation.
Accordingly, the judgment of January 3, 1986, is also affirmed. All costs of this appeal are to be borne by appellants.
AFFIRMED.