505 So.2d 109 (1987)
Anne WONG
v.
Steve STANLEY, D.L. Schwenneker, J.W. Gibbons, J.R. Matthews and Delta Air Lines, Inc.
No. CA-5969.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Writ Denied May 29, 1987.
Evan F. Trestman, New Orleans, for plaintiff-appellant Anne Wong.
Francis G. Weller of Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees Steve Stanley, D.L. Schwenneker, J.W. Gibbons, J.R. Matthews and Delta Air Lines, Inc.
Before SCHOTT, KLEES and LOBRANO, JJ.
KLEES, Judge.
Plaintiff appeals the district court's granting of summary judgment dismissing her personal injury suit. We affirm.
At the time of her injury, plaintiff was working as a flight attendant for Delta Airlines. While she was preparing to serve beverages to passengers, a beverage cart rolled out of position and smashed plaintiff's hand against a bulkhead. Plaintiff sued Delta and four co-employees who were also on the plane (the chief flight attendant, the pilot, and the first and second officers). Delta was the only defendant properly served. In response to the petition, Delta filed an exception of no cause of action and a motion for summary judgment urging that plaintiff's tort suit be dismissed because her sole remedy *110 against her employer and co-employees for a work-related accident was under the workmen's compensation law. Plaintiff then amended her petition to allege that her injuries were intentionally caused.
The trial court denied Delta's exception of no right or cause of action without ruling on the motion for summary judgment. After deposing the plaintiff, defendants filed a new motion for summary judgment based on the plaintiff's deposition and the affidavit of the chief flight attendant, Steven Stanley. In plaintiff's deposition, she stated that when she was told by Stanley to begin beverage service to the passengers, she protested because the airplane was still taxiing, and safety regulations prevented such service to passengers while the aircraft was on an active taxiway. Stanley then told plaintiff to begin service anyway because it was the captain's order. While plaintiff was making coffee, the beverage cart began rolling toward her. As she attempted to stop it with one hand, her other hand was smashed between the cart and the bulkhead.
Stanley's affidavit established that due to the heavy congestion of air traffic at the time the accident occurred, which was just after the air traffic controllers' strike, the airplane was forced to taxi for approximately two hours, moving only several feet at a time. To alleviate the boredom and frustration of the passengers, the pilot instructed Stanley to begin beverage service. Stanley denied that he had any intent to injure or desire to harm plaintiff, or any knowledge that she was likely to be injured.
Plaintiff filed an affidavit in support of her opposition to the motion for summary judgment. On May 5, 1986, the trial judge granted Delta's motion, stating in his Reasons for Judgment:
After considering the law, the evidence and the arguments of counsel, this Court finds that there is no genuine issue of material fact and that defendants are entitled to summary judgment. It is beyond comprehension that plaintiff can in good faith argue that defendants intended for her hand to be smashed by a rolling beverage cart. Cases such as this are an abuse of the judicial system.
After reviewing the evidence presented on the motion, we agree with the trial judge that there is no genuine issue of material fact with regard to the existence of an intentional tort. In Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981), the Supreme Court stated that the meaning of "intent" in the context of the exclusion of intentional acts from the workmen's compensation law is that "the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." In this case, the evidence presented contains no showing of the requisite intentStanley's affidavit indicates that neither he nor the pilot had the desire to harm plaintiff or the knowledge that their actions would result in harm to her. It makes no difference whether or not the defendants should have known that the plaintiff would be hurt; Bazley requires actual knowledge.
Defendants argue that summary judgment is inappropriate in this case because the absence of statements from the pilot and the other flight attendants creates "a tremendous gap in knowledge and information available to the Court." This argument has no merit. Article 967 of the Code of Civil Procedure provides that:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Plaintiff had the opportunity to depose or obtain affidavits from her co-employees, but failed to do so. Considering the evidence before it, the trial court correctly granted summary judgment. The words of the Supreme Court in a similar case are apposite:
There is not the slightest suggestion in this record that any co-employee acted *111 with an intent to injure the plaintiff, either by acting with the desire to harm [her] or by acting with the knowledge that [her] injury was substantially certain to result from the act.
Fallo v. Tuboscope Inspection, 444 So.2d 621, 622 (La.1984).
Accordingly, for the reasons given, the summary judgment granted by the district court is affirmed, with all costs to be borne by appellant.
AFFIRMED.