539 So.2d 922 (1989)
Warren DAVIS
v.
SOUTHERN LOUISIANA INSULATIONS, Wausau Insurance Company, and University of New Orleans.
No. 88-CA-1073.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
*923 H. Edward Sherman, New Orleans, for plaintiff/appellant.
Charles A. Boggs, Terry B. Deffes, New Orleans, for defendants/appellees.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Deborah Sue Roberts, ex-wife of original plaintiff, the late Warren Davis, and natural tutrix for his two children, appeals the trial court's granting of a motion for summary judgment in favor of Davis' employer, Southern Louisiana Insulations, Inc. (SLI). We affirm.
Davis' ankle was injured May 1, 1984, when he jumped from a 14-foot open ladder that had started to shake while he was attempting to pry a piece of sheetmetal from a boiler at the University of New Orleans (UNO). The accident occurred during the course and scope of his employment with SLI, which had contracted with UNO to do the work on the boiler. Davis filed suit against SLI; its insurer, Wausau Insurance Co., and UNO on Jan. 15, 1985. Plaintiff's allegations against SLI in the original petition were that the company was negligent in failing to provide ladders and scaffolding to allow the workers to perform the job in a safe manner and that the employer knew or should have known that employees were likely to injure themselves if they performed the work without the proper equipment.
Davis died of a drug overdose on August 29, 1986. Subsequently, Ms. Roberts filed a supplemental and amending petition substituting herself as party plaintiff. In the second petition, she alleged that the SLI job site supervisor knew that the plaintiff's injury was substantially certain to occur if he was allowed to work without the proper safety equipment. The supplemental and amending petition further alleged that Davis took his own life as a result of his mental distress caused by the accident and injury.
SLI then filed a motion for summary judgment on the tort claim, citing the exclusive workers' compensation remedy against employers under LSA-R.S. 23:1032. The trial court granted the motion, finding no evidence that Davis' injuries and/or subsequent death resulted from an intentional act on the part of SLI or any of its employees.
LSA-R.S. 23:1032 provides, in pertinent part, as follows:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
Plaintiff argues that the record evidence indicates that the employer in the instant *924 case committed an intentional act and thus falls under the exception to the rule that workers' compensation is the exclusive remedy available to an employee injured during the course and scope of his employment.
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court held that the words "intentional act" used in LSA-R.S. 23:1032 are synonomous with the words "intentional tort" used in reference to civil liability. Id. at 480. The court stated:
The meaning of intent is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself.
Id. at 481.
In the instant case, Emile Digiovanni, owner of SLI, testified by deposition that the crew working at UNO should have used scaffolding and a "come-along" on the job, but stated that the crew members were all experienced and could have gotten whatever they wanted to perform the work. He also admitted that it was dangerous to do the work without scaffolding. When asked whether it was almost certain that an injury would occur if scaffolding was not used, Digiovanni stated that he could not answer that question. Jeff Moring, the supervisor on the job, stated in his deposition that the ladder Davis used that day was borrowed from UNO and that it was "messed up" when they borrowed it.
After reviewing the evidence, we agree with the trial judge that there is no genuine issue of material fact concerning whether SLI or any of its employees committed an intentional act which resulted in Davis' injury or his subsequent death. Certainly, there is no evidence that anyone had an active desire to harm the plaintiff. Additionally, there is no indication that anyone was aware injury to the plaintiff was "substantially certain" to result from his doing the work without the proper safety equipment. Plaintiff's mere conclusory statements in her petition that SLI employees had such an awareness are insufficient to defeat the motion for summary judgment in the absence of any evidence to that effect. Taylor v. Metropolitan Erection Co., 496 So.2d 1184, 1186 (La.App. 5th Cir.), writ denied 497 So.2d 1388 (La.1986).
In opposing the motion, the plaintiff places special emphasis on Digiovanni's statements that doing the job without the proper equipment was "a good way to get killed." However, the fact that an employer or its employees should have known that an act could cause harm to the plaintiff has been held insufficient to prove an intentional tort. Wong v. Stanley, 505 So.2d 109, 110 (La.App. 4th Cir.), writ denied 506 So.2d 1226 (La.1987). In fact, this court has held that an employer's failure to provide even specifically requested safety equipment is not an intentional tort for purposes of the exception to the workers' compensation exclusivity rule in LSA-R.S. 23:1032. Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.), writ denied 415 So.2d 953 (La.1982). Even proof of the fact that a worker was ordered by his employer to work in an unsafe place has been considered insufficient to prove an intentional tort. Redding v. Essex Crane Rental Corp., 500 So.2d 880, 883 (La.App. 1st Cir.1986), writ denied 501 So. 2d 774 (La.1987). Certainly the conduct of the employer in this case is not even so culpable as the conduct of employers in the cited cases which was held not to rise to the level of an intentional act. Proof that an employer's conduct was negligent, even grossly negligent, is simply inadequate. Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App. 2d Cir.1985).
The plaintiff also requests this court draw an adverse inference from Digiovanni's statement that he could not answer the question concerning whether it was almost certain an injury would occur without the use of scaffolding. We decline to do so. A review of the deposition testimony reveals that Digiovanni was not refusing to answer the question, as plaintiff alleges, but simply *925 meant to indicate that he did not have an opinion on the issue.
For the foregoing reasons, the trial court's granting of the motion for summary judgment in favor of defendant Southern Louisiana Insulations and against plaintiff Deborah Sue Roberts is affirmed.
AFFIRMED.
SCHOTT, Chief Judge, concurring.
During the deposition of Emile DiGiovanni, defendant's president, he testified that the proper method of doing this job was with scaffolding and that it would be dangerous to do the job without it. Asked "Would it almost be certain that an injury is going to occur if you do not use scaffolding?"; DiGiovanni replied, "I couldn't answer that." Based on this reply plaintiff makes the following argument:
Clearly, reasonable men may draw conflicting inferences from the failure of Mr. DiGiovanni to answer and especially under the circumstances when the issue was squarely before him. Either he could have answered "Yes" or "No" but instead he preferred not to answer at all having already said that a person could get killed by not using the proper equipment.
This argument would persuade me to reverse the summary judgment if there were an issue as to DiGiovanni's lack of actual knowledge as to how Davis was doing the work.
DiGiovanni testified that Davis and his helper were experienced in this type of work and that they were free to get any kind of equipment and tools they required or wanted. On the day of the accident he took them to the job site because their vehicle had broken down. The helper called him later that day and informed him of Davis' accident.
This testimony established that DiGiovanni had no knowledge that the men were not using scaffolding. However, plaintiff argues that the helper's testimony created an issue of fact when he stated that Davis and he would "see [DiGiovanni] maybe once every three or four days, whenever we needed material."
The best that can be said of this testimony is that it may supply the inference that DiGiovanni must have seen the men at work without scaffolding and should have known that Davis' injury was substantially certain to follow. But the test is not whether DiGiovanni should have known; plaintiff must establish that he actually knew the injury was substantially certain to follow. Wong v. Stanley, 505 So.2d 109 (La.App. 4th Cir.1987) writ denied 506 So. 2d 1226.