709 So.2d 1065 (1998)
Billie Jean MICELE
v.
CPC OF LOUISIANA, INC., d/b/a Community Psychiatric Centers of Louisiana, Inc., d/b/a Metro Behavioral Health Services, and CPC Eastlake Hospital.
No. 98-CA-0044.
Court of Appeal of Louisiana, Fourth Circuit.
March 25, 1998.
*1066 Norman Mopsik, William G. Legrand, New Orleans, for Plaintiff-Appellant Billie Jean Micele.
Robert I. Siegel, Penny Dowd Liuzza, Hofman, Siegel, Seydel, Bienvenu & Centola, New Orleans, for Defendants-Appellees CPC of Louisiana, Inc., d/b/a Community Psychiatric Centers of Louisiana, Inc., d/b/a Metro Behavioral Health Services, and CPC East Lake Hospital.
Before BARRY, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Billie Jean Micele, a registered nurse, sued her employer and its parent corporation, CPC of Louisiana, Inc., d/b/a Community Psychiatric Centers of Louisiana, Inc., d/b/a Metro Behavioral Health Service and CPC Eastlake Hospital for damages allegedly sustained when, in the course of her nursing duties, she was kicked by an Eastlake patient.
Defendants answered, denying Micele's allegations, alleging that her alleged damages were caused solely by her own negligence and assumption of risk, alleging Micele's failure to mitigate damages, and alleging that Micele's sole remedy is that provided under the Louisiana Workers' Compensation Act, La.R.S. 23:1021 et seq.
Defendants brought a Motion for Summary Judgment on the grounds that there are no genuine issues of material fact and that pursuant to the Workers' Compensation Act, defendants were entitled to judgment as a matter of law. Micele appeals from the trial court's judgment granting that motion. We affirm.

STATEMENT OF FACTS
In support of their Motion for Summary Judgment, defendants submitted a copy of Micele's petition, in which she alleges, inter alia:
That on or about November 7, 1995 your Petitioner was employed as a registered nurse of the Developmental Neuropsychiatric Unit, employed by Metro Behavioral Health Services, Inc., a subsidiary of Community Psychiatric Centers of Louisiana, Inc., located in CPC Eastlake Hospital....
That on or about mid-morning, your Petitioner was attempting to restrain a patient... when she got kicked [sic] in the left knee by the said patient, causing injuries....
That Community Psychiatric Centers of Louisiana, Inc., d/b/a Metro Behavioral Health Services, was negligent in the following, but not exclusive respects, said negligence being imputed to its parent company, CPC of Louisiana, Inc.:
a. Failing to provide male medical attendants after repeated ... requests ...;
b. Failing to provide a male security force to prevent to what [sic] was foreseeable with respect to the incident stated herein ...;
c. Failing to provide both medical [sic] and attendants to help your Petitioner restrain the psychiatric patients that she was dealing with; and *1067 d. Other acts of negligence which will be more fully shown at the trial....
That, combining the elements of negligence previously stated creates an overt act of the said employers, allowing your Petitioner to file a negligence claim against the said Defendant [sic].
According to the affidavit of Darlene Salvant, Chief Executive Officer of East Lake Hospital and certificates of authority and of trade name issued by the Louisiana Secretary of State, Metro Behavioral Health Services is a trade name for Community Psychiatric Centers of Louisiana, Inc., CPC East Lake Hospital is a trade name for CPC of Louisiana, Inc. and BHC East Lake Hospital, Inc. is a Tennessee corporation authorized to do business in Louisiana.
Defendants submitted Micele's W-2 forms, showing her to be an employee of CPC East Lake Hospital, together with her employment application dated 6 October 1995.
According to the Salvant affidavit, Micele has received workers' compensation medical and indemnity benefits arising out of the alleged incident from her employer's insurance carrier.
Micele filed no countervailing evidence.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94); 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La.C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323, 326.
The amended article 966 substantially changes the law of summary judgment. The jurisprudential presumption against granting the summary judgment was legislatively overruled by La.C.C.P. art. 966 as amended. Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, once mover has made a prima facie showing that the motion should be granted, La.C.C.P. art. 966(C) shifts the burden to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by mover, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendment to La.C.C.P. art. 966 brings Louisiana's standard for summary judgment closely in line with the federal standard under Fed.Rule Civ.Proc. 56(c). Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La. 3/14/97); 690 So.2d 41. The summary judgment law was amended by La.Acts No. 483 of 1997 to incorporate the Hayes analysis.
Under Fed.Rule Civ.Proc. 56, when the nonmoving party bears the burden of *1068 proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. Summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence on the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for that party. Id.
The 1997 amendments to the La.C.C.P. art. 966 have been applied retroactively to a case decided in the Court of Appeal prior to enactment of the amendments. Kaufmann v. Fleet Tire Service of Louisiana, Inc., 97-1428 (La. 9/5/97); 699 So.2d 75.
ASSIGNMENT OF ERROR: The trial court erred in finding that there was no genuine issue of material fact and in granting defendants' Motion for Summary Judgment dismissing Micele's suit.
Micele contends that management's acts or omissions amounted to knowledge by them to a virtual certainty that staff members would be injured, bringing her claim within the intentional act exception to the exclusivity of the Louisiana Workers' Compensation Act, La.R.S. 23:1032(B). Micele argues that whether the actions of management amounted to "an overt or intentional act" is a genuine issue of material fact that must be decided by a trial on the merits.
"Intentional act" within the meaning of La.R.S. 23:1032(B) means "intentional tort." Intent means "that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Bazley v. Tortorich, 397 So.2d 475, 482 (La. 1981).
Courts have cautioned that the intentional tort exception should be narrowly construed, holding that mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing. Bridges v. Carl E. Woodward, Inc., 94-2675 (La.App. 4 Cir. 10/21/95); 663 So.2d 458, writ denied, 95-2735 (La. 1/26/96); 666 So.2d 674.
Louisiana courts have held that the following acts do not fall within the intentional act exception: (1) allegations of failure to provide a safe place to work, Hood v. South Louisiana Medical Center, 517 So.2d 469, 471 (La.App. 1 Cir.1987); (2) poorly designed machinery and failure to follow OSHA safety provisions, Cortez v. Hooker Chemical and Plastics Corp., 402 So.2d 249 (La.App. 4 Cir. 1981); (3) failure to provide requested safety equipment, Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4 Cir.), writ denied, 415 So.2d 953 (La.1982); and (4) failure to correct unsafe working conditions, Dycus v. Martin Marietta Corp., 568 So.2d 592, 594 (La.App. 4 Cir.), writ denied, 571 So.2d 649 (La.1990).
In this case, Ms. Micele's allegations of intentional tort against her employer can be distilled to two basic charges: failure to provide a safe place to work and failure to correct unsafe working conditions, neither of which fall within the intentional act exclusion of La.R.S. 23:1032(B) as defined by Louisiana jurisprudence. Hood v. South La. Medical Center, supra; Dycus v. Martin Marietta Corp., supra; Jacobsen v. Southeast Distributors, supra.

CONCLUSION AND DECREE
We find from the record that Micele failed to produce any evidence tending to show the existence of a genuine issue of material fact as to the exclusivity of her worker's compensation remedy. We affirm the trial court's judgment summarily dismissing her petition.
AFFIRMED.