hDUFRESNE, Judge.
This is an appeal by Lester A. Calvin, plaintiff-appellant, from a summary judgment dismissing his intentional tort claim against his employer, Treasure Chest Casino, L.L.C., defendant-appellee. For the following reasons, we affirm the judgment of the district court.
In his petition and supporting papers Calvin alleges the following facts, which for purposes of this appeal we take as true. He was employed in the kitchen of the Treasure Chest Casino as a lead line cook. His duties included occasionally lifting and moving objects weighing 50 to 75 pounds. On about August 24, 1998, plaintiff was lifting a large basket of shrimp when he experienced severe pain in his right elbow. He reported this injury to the safety office where it was suggested that he see a doctor. Plaintiff originally saw his own doctor, and a day or two later was referred to Dr. Hamilton, a physician with whom the employer had an arrangement to treat injured employees. . This latter doctor diagnosed the condition as “tennis elbow” and prescribed medication. He also filled out a work Rstatus/treatment report in which he limited plaintiff to light duty and restricted him to lifting no more than seven pounds with his right arm.
Plaintiff returned to his regular night shift duty the next day and presented the light duty report to the sous-chef, who was his immediate supervisor. In his deposition testimony plaintiff said that he was not “given any break at all” in his duties. He said he continued to work for several days with pain in his elbow. When he returned to the doctor for a previously scheduled check-up, he was continued on light duty, with the 7 pound right arm restriction.
He returned to work that night and approached the sous-chef with the current work status report. He said the sous-chef was busy finishing up with the prior shift and when he attempted to present the report he was told “Don’t bother me with that crap right now. Put it on my desk.” Later during the shift plaintiff was again handling a basket of shrimp and this time felt something snap in his right shoulder. He complained to the sous-chef but says he was told to do his work or he would get a negative write-up in his file. After some further bickering he was sent out of the kitchen and told to sit in the dining room. The executive chef soon appeared to find out what the problem was. When he looked at the work status reports he said that there was no light duty in the kitchen and that plaintiff should not be there. He told him to go home until he got well. Plaintiff has been unable to work since that time and is receiving worker’s compensation benefits.
Plaintiff sued his employer in tort, alleging that the above facts are sufficient to support a delictual claim based on an intentional act, an action which falls outside of the exclusive remedy provisions of the Worker’s Compensation Act, La. R.S. 28:1032 B. The employer brought a motion for |3sunimary judgment, arguing that the above facts simply do not establish an “intentional act” within the meaning of the statute. It noted that the jurisprudence has uniformly held that an “intentional act” is the same as an “intentional tort,” citing Bazley v. Tortorich, 397 So.2d 475 (La.1981). Moreover, the analysis used in Bazley and subsequent cases has been that to establish an intentional tort there must *652 be either an actual intent to harm the victim or the act must be of such a nature that it is substantially certain that an injury will result.
The employer argued, first, that there is no allegation that the sous-chef intended to injure plaintiff. Second, it asserted that the “substantially certain” alternative involves more than probability or reasonable foreseeability, and instead requires that the injury be incapable of failing, inevitable or virtually sure, citing Adams v. Time Saver Stores, Inc., 615 So.2d 460 (La.App. 4th Cir.1993), and Taylor v. Metropolitan Erection Co., 496 So.2d 1184 (La. App. 5th Cir.1986). This court has also held that the “substantially certain” standard is that of a reasonable person under the circumstances, which is a legal issue, Guarino v. Kaiser Aluminum & Chemical Corp., 97-926 (La.App. 5th Cir. 5/13/98), 712 So.2d 989; writ denied 98-1893 (La.10/30/98), 727 So.2d 1165.
In his opposition to defendant’s motion for summary judgment plaintiff submitted an affidavit from a physician stating basically that if a person exceeds the physical limitations imposed by his doctor because of an injury, then exacerbation of that injury or an additional injury is “substantially certain” to occur.
The trial judge denied the motion for summary judgment and the defendant filed a supervisory writ in this court. In granting the writ, the |4court stated:
PETITION FOR WRITS GRANTED; REMANDED WITH INSTRUCTIONS
The record as it now stands clearly indicates that this is not an intentional tort situation; accordingly, we remand with instructions to the trial judge to set aside the denial of summary judgment and to grant the summary judgment in favor of Treasure Chest Casino.
The matter returned to the district court and a judgment was entered as per the remand order. Plaintiff now appeals that judgment.
The defendant urges here that the issue of whether an action for an intentional tort lies on the facts alleged by plaintiff has already been resolved by this court and therefore should not be re-litigated. We agree. In Warner v. Carimi Law Firm, 98-613 (La.App. 5th Cir. 12/16/98), 725 So.2d 592, the court reiterated the rule that:
Under the “law of the case” doctrine, an appellate court will not reconsider its own rulings of law in the same case. However, application of the principle is discretionary. It is not applicable in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur. (At 596).
In the present matter we find neither palpable error in the prior ruling of this court in favor of the defendant, nor any manifest injustice which would result in applying the law of the case doctrine. We therefore decline to revisit the prior ruling in the case and affirm the district court judgment entered pursuant to that ruling.
For the foregoing reasons, the judgment of the district court in favor of Treasure Chest Casino, dismissing this matter with prejudice, is hereby affirmed.

AFFIRMED.