# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2008

Charles R. Fulbruge III
Clerk

———

No. 07-31175

———

MARK DELAHOUSSAYE; AUDIE PRADOS

Plaintiffs-Appellants

v.

MORTON INTERNATIONAL INC; ORICA USA INC, doing business as
Orica Mining Services; ORICA BRASIL LTDA

Defendants-Appellees

———

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CV-944

———

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Mark delaHoussaye and Audie Prados appeal from the district court's grant of judgment on the pleadings under FED. R. CIV. P. 12(c) in favor of defendant Morton International, Inc. The district court determined that the plaintiffs' claims against Morton were barred by the exclusivity provision of the Louisiana Workers' Compensation Act and entered a final judgment pursuant to FED. R. CIV. P. 54(b). We AFFIRM for the following reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The crux of plaintiffs' appeal is whether the complaint adequately set forth the intentional act exception to workers' compensation exclusivity. See LA. REV. STAT. 23:1032(A)(1) & (B). The plaintiffs contend that the complaint set forth such a claim because they alleged that Morton's procedures for handling misfires were contrary to safety regulations and that Morton knew the procedures were substantially certain to result in injury. The intentional act exception is narrowly construed, Reeves v. Structural Pres. Sys., 731 So. 2d 208, 211 (La. 1999), and Louisiana courts have recognized that "mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing." Micele v. CPC of La., Inc., 709 So.2d 1065, 1068 (La. Ct. App. 1998). The complaint here included allegations that the explosion occurred in a manner not contemplated by Morton, that the defendant presumed that misfires were inert and could not be exploded except by planned detonation or the equivalent of a hammer blow, and that Morton knew its procedures would result in the "likelihood" of a misfire detonation and a subsequent injury "at some point" or "eventually." There were no allegations that the defendant had ever been cited for safety violations or that other workers had previously been injured. The plaintiffs' complaint sets out an appreciation of a risk of injury and at most alleges gross negligence. Thus, the district court did not err. See, e.g., Reeves, 731 So. 2d at 212 ("[G]ross negligence does not meet the intentional act requirement.").

2. The plaintiffs contend that Morton's denial of the allegations in the complaint and assertion of affirmative defenses created material fact issues precluding a judgment under Rule 12(c). Based in part on affidavits from purported "lay experts," they also argue that the district court should

have converted the Rule 12(c) motion into a motion for summary judgment and delayed ruling until they had an opportunity to complete discovery. We disagree with these contentions. Even accepting the plaintiffs' factual allegations as true for purposes of the Rule 12 motion, see Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007), we have already concluded that the plaintiffs' complaint failed to show that their claims were not barred by state workers' compensation law. The affidavits merely repeat the factual allegations of the complaint, and we see no abuse of discretion by the district court.

3. Finally, we find no merit to the plaintiffs' argument that the district court failed to provide sufficient reasons for its decision.

AFFIRMED.