563 So.2d 1333 (1990)
Elvin Dwayne HOLLIDAY, Plaintiff-Appellant,
v.
B.E. & K. CONSTRUCTION CO., et al., Defendants-Appellees.
No. 89-98.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
Stuart R. Thomson, Baton Rouge, for plaintiff-appellant.
Hall, Lestage, David R. Lestage, Deridder, for defendants-appellees.
Before FORET, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Holliday was working as an electrician for B.E. & K. Construction Company, Inc., on January 19, 1987, when he allegedly hurt his back while bending a conduit using a mechanical bender. The Office of Workers' Compensation Administration found that he suffered no disability. He returned to work and was discharged from employment.
He first filed a suit for workers' compensation benefits. Later he amended the petition alleging that he had returned to work and attempted to do his work, but was unable to, and that his termination was a retaliatory discharge, for which he sought damages.
By means of a still later amendment he once again changed the nature of his law suit to a suit for damages for intentional tort.
The allegation of intentional tort was that he injured his low back as he was bending a two inch rigid plastic-coated conduit on a two inch aluminum bender pursuant to the orders of his superior, but against his better judgment. He maintained that bending conduit in this manner was dangerous and bound to cause injury, and that he had protested the practice but had been ordered to do it anyway.
The defendant employer filed a motion for partial summary judgment directed at *1334 the claim based on an intentional tort. In support of the motion Philip Wayne Bennett, an electrical engineer and acting electrical superintendent for plaintiff's employer, gave an affidavit stating that he was personally aware that Holliday, and another, were instructed by Donald Moxley to bend the steel conduits in the bender, and that at no time did he know or have reason to believe that Holliday or anyone else would be injured while bending the conduit in the bender. He declared that he did not intend for anyone to suffer an accident and injuries and that he thought that the procedure was routine and not dangerous. He stated that there were numerous times that such conduit was bent in the same bender and that no accident had ever occurred before. His affidavit went on to declare that the accident happened when a jaw on the shoe, which is the device used to secure the conduit being bent in the bender, suddenly broke, thereby releasing pressure exerted by Holliday and apparently causing Holliday to lose his balance and fall. He knew of no one else ever having such an injury and knew of no case where the jaw on the shoe broke before. He completed his affidavit by stating that he did not desire that Holliday be injured and he did not believe that the work was substantially certain to result in injury.
Donald Moxley, an electrical foreman and Holliday's immediate supervisor on the day of the accident, executed a similar affidavit. Clinton Neal James, a co-employee with Holliday, executed a similar affidavit.
In response to the motion, Holliday filed an affidavit which stated as follows:
I, Elvin Dwayne Holliday informed my immediate supervisors that the `pipe bender' in question was only to bend `flexible' pipe not the rigid pipe that they wanted me to bend. I told them that it was dangersous [sic] and attempted to refuse to do it, but was ordered to do it over my protests.
The district judge granted the motion for partial summary judgment and dismissed that claim. Plaintiff appealed. We affirm.
La.R.S. 23:1032, while providing immunity from civil liability in favor of an employer, makes an exception to that tort immunity where the liability arises as a result of an intentional tort. Bazley v. Tortorich, 397 So.2d 475 (La.1981). The court in Bazley stated:
The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct: or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result.
The above affidavits do not raise a genuine issue as to whether the employer's conduct was "intentional" within the meaning of the exception provision of La.R.S. 23:1032. Holliday argues that he told the supervisors that the machine was dangerous and attempted to refuse to do it but was ordered to do it. His affidavit attesting to this allegation was the only evidence submitted that the employer knew the machine might be dangerous.
The mere knowledge that a machine is dangerous and therefore that its use creates a high probability that someone will eventually be injured from such use is not the substantial certainty needed to establish intent under La.R.S. 23:1032. Maddie v. Plastic Supply & Fabrication, Inc., 434 So.2d 158 (La.App. 5th Cir.1983), writ denied, 435 So.2d 445 (1983). The "substantial certainty" required in Bazley, supra, means virtually sure or nearly inevitable. Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2d Cir.1981), writ denied, 412 So.2d 1095 (La.1982).
Although Holliday argues that the defendant employer knew of the dangerousness of the machine, the summary judgment evidence establishes that the employer was not substantially certain any injury would occur to Holliday. Because there is no genuine issue of material fact as to whether the employer acted intentionally, we affirm the summary judgment dismissing this claim. Costs are to be borne by appellant, Holliday.
AFFIRMED.