640 So.2d 650 (1994)
Geanna Kay Broussard LEGER, Individually and on Behalf of her Minor child, Courtney Nicole Leger and the Estate of Kevin James Leger, Plaintiffs-Appellants,
v.
HARDY RICE DRIER, INC. and Harold Hardy, Defendants-Appellees.
No. 93-1512.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*651 Joseph Walter Greenwald, Baton Rouge, for Geanna Kay Broussard Leger Indiv. etc.
James Buckner Doyle, Lake Charles, for Hardy Rice Drier, Inc., et al.
Before LABORDE and CULPEPPER, and BERTRAND[1], JJ. Pro Tem.
LABORDE, Judge.
Decedent, Kevin Leger, was killed while working for defendant, Hardy Rice Drier, Inc. Plaintiffs, decedent's wife and child, brought an action in tort against defendant for decedent's wrongful death. Defendants subsequently filed a motion for summary judgment, contending that defendants were immune to tort liability by virtue of the Louisiana Workers Compensation Act. The trial court granted defendants' motion, dismissing plaintiffs' claims. Plaintffs appeal, claiming the trial court erred in granting defendants' motion for summary judgment.
After reviewing the record, we affirm, finding no error committed by the trial court.

FACTS
Decedent, Kevin Leger, was employed by Hardy Rice Drier as a maintenance man for approximately three and one-half years. On July 1, 1992, decedent and two other employees were returning tools to the warehouse when they observed Harold Hardy working to install a repaired starter into a forklift. Hardy began the project alone. When Leger saw Hardy working on the forklift, he offered to assist Hardy. Leger placed himself on his back under the forklift to reattach the wires to the starter. When Leger touched a wire to a live pole, the forklift lunged forward, killing him.
Plaintiffs filed suit in tort, prompting defendants to file a motion for summary judgment asserting their immunity from tort liability under the Louisiana Workers Compensation Act. The trial court granted defendants' motion, dismissing plaintiffs' claim.
Plaintiffs appeal, alleging the trial court erred in granting defendants' motion for summary judgment.

LAW
Appellate review of a summary judgment is de novo and the court uses the same criteria used by the trial court in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted only where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
R.S. 23:1032 provides as follows:
§ 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal *652 under any dual capacity theory or doctrine,
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
C. The immunity from civil liability provided by this Section shall not extend to:
(1) Any officer, director, stockholder, partner, or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and
(2) To the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
Amended by Acts 1989, No. 454, § 2, eff. Jan. 1, 1990.
Plaintiffs' petition for damages alleges a cause of action under the "intentional act" exception to employer immunity found in R.S. 23:1032(B). Defendants contend that the factual allegations of plaintiffs' petition only alleges negligence, not an intentional tort which would entitle plaintiffs to tort damages under the intentional act exception.
We affirm. Plaintiffs' petition does not allege any intentional act by defendants of the type which would sound outside this State's workers compensation framework. The party opposing the motion for summary judgment cannot rest on the mere allegations or denials in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Danna v. Barq's, Inc., 612 So.2d 253 (La.App. 4 Cir.1992). Specifically, plaintiff's petition alleges that defendant was delinquent:
A. By failing to prevent the wheels, and especially the wheels to which the power was directed, from touching or making connection with any surface by which they could move;
B. By failing to disconnect the electrical system from the battery or other power source;
C. By instructing an employee to work in such a precarious, dangerous arrangement;
D. By tampering with and arranging the electrical switch to where the forklift would start while the key was in the "off" position;
E. By failing to advise the decedent and other employees that he, Harold Hardy, had tampered with and modified the electrical switch and system;
F. By failing to disengage the transmission or powertrain of forklift before instructing an employee to work on it; and
G. Any other facts which may be proven at the trial of this matter which will show that the defendant was substantially certain that this accident would occur.

10.
The Louisiana Supreme Court has held that the words "intentional act" in 23:1032 mean the same as "intentional tort" in reference to civil liability. Bazley v. Tortorich, 397 So.2d 475 (La.1981); White v. Monsanto Co., 585 So.2d 1205 (La.1991). The Bazley court further explained:
The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.
* * * * * *
Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.
Id. at 482; Williams v. Gervais F. Favrot Co., Inc., 573 So.2d 533 (La.App.1991). An employer's failure to maintain safe conditions at work or to provide specifically requested *653 safety equipment is not an intentional tort for the purposes of an exception to the workers compensation exclusivity rule. Dycus v. Martin Marietta Corp., 568 So.2d 592 (La. App. 4 Cir.), writ denied, 571 So.2d 649 (La. 1990).
Mere knowledge and appreciation of a risk does not constitute intent. Reckless or wanton conduct by an employer does not constitute intentional wrongdoing. Gross negligence, disregard of safety regulations or the use of safety equipment is not sufficient. Williams v. Gervais F. Favrot Company, Inc., 573 So.2d 533 (La. App. 4th Cir.), writ denied 576 So.2d 49 (La.1991). Nationwide, policy considerations reflect that the employer's conduct must go beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work in order to constitute an intent to injure necessary under the exception. Id. at 540, quoting Larson, 2A Workman's Compensation Law, Section 68.13 (1989).
Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807-808 (La.App. 4 Cir.1991).

DECREE
The judgment of the trial court is affirmed. Costs assessed to plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Honorable William A. Culpepper, Retired, and Honorable Lucien C. Bertrand, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.