688 So.2d 72 (1997)
Frederick M. CASTO
v.
FRED'S PAINTING, INC. and Manfred Nicklas.
No. 96-C-405.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 1997.
*73 Michael L. Martin, Metairie, for Frederick M. Casto.
Joseph M. Messina, Metairie, for Fred's Painting, Inc. and Manfred Nicklas.
Before GAUDIN, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
This case is before us again on remand from the Louisiana Supreme Court. Casto v. Fred's Painting, Inc., 96-1629 (La.9/27/96), 679 So.2d 1358. After briefing and argument, we affirm the trial court ruling in this tort action, denying the employer's motion for summary judgment on the question of whether the employee's exclusive remedy was in worker's compensation.
On August 27, 1992, plaintiff, Frederick Casto, was injured while in the course and scope of his employment with defendants, Fred's Painting, Inc. and Manfred Nicklas. The injury occurred when plaintiff came into contact with a refrigerator on the employer's *74 premises that emitted an electrical shock whenever the metal surface was contacted. The shock caused plaintiff to lose his balance and fall backwards, injuring his back.
Plaintiff filed this tort action against his employer alleging an intentional tort in that the employer either intended the injury or was substantially certain that an injury would result from the defective refrigerator. The employer moved for summary judgment, seeking a dismissal of the tort suit because plaintiff's exclusive remedy is in worker's compensation. The trial court denied the motion for summary judgment.
The employer sought writs from this court, which, in a three page decision, were denied. Casto v. Fred's Painting, Inc., 96-405 (La. App. 5th Cir. 5/22/96). Thereafter, the employer applied to the Louisiana Supreme Court for supervisory writs. The Supreme Court acted on the writ application as follows: "Granted and remanded to court of appeal for briefing, argument and opinion." Casto v. Fred's Painting, Inc., 96-1629 (La.9/27/96), 679 So.2d 1358. The case has now been briefed and argued in this court.
To sustain an action for intentional tort against an employer the employee must show that the employer committed an intentional act, that is, one in which the employer either (1) consciously desired the physical results of his act, whatever the likelihood of the result of his conduct, or (2) knew the result was substantially certain to follow from his conduct, whatever his desire may have been as to that result. White v. Monsanto Co., 585 So.2d 1205 (La.1991). For an act to be "substantially certain to follow" there must be more than a reasonable probability that an injury will occur. "Certain" means inevitable or incapable of failing. Kent v. Jomac Products, Inc., 542 So.2d 99 (La.App. 1st Cir.1989).
The employer cites and relies on several cases to support his argument that the facts in this case do not support a finding that the injury was substantially certain to happen such that the employer's act would be deemed intentional. Alexander v. Ingersoll-Rand, 95-1816 (La.10/27/95), 661 So.2d 1365; Landry v. Uniroyal Chemical Co., Inc., 94-1274 (La.App. 1st Cir. 3/3/95), 653 So.2d 1199; Taylor v. Metropolitan Erection Co., 496 So.2d 1184 (La.App. 5th Cir.1986), writ denied, 497 So.2d 1388 (La.1986); King v. Schuylkill Metals Corp., 581 So.2d 300 (La. App. 1st Cir.1991), writ denied, 584 So.2d 1163 (La.1991).
These cases were previously considered by this court when the matter was originally before us and found not to be controlling. As pointed out in our original action, the common thread running through these cases is that there was only a chance or a probability of injury and not a certainty of injury.
In the instant case, the defective equipment, a refrigerator where paint and some food were stored, produced an electrical shock every time the metal surface of the refrigerator was contacted. There was not simply a chance or probability of injury. The shock occurred each and every time a person came into contact with the metal surface of the refrigerator. It is also undisputed that the defective condition had been reported to and was known by the employer.
The employer argues that his effort to make the refrigerator usable by placing rubber tubing around the handle somehow changed the certainty of shock into only a chance of shock. We disagree.
The rubber tubing was placed on the handle of the refrigerator so that the employees could use the defective equipment without being shocked when they opened the refrigerator, if they kept their hand on the rubber tubing. While the employer refers to his placement of the tubing as "the implementation of a safety device," we can make no such finding. The placement of the rubber tubing on the handle may have covered the most frequently touched metal surface of the refrigerator, but it in no way corrected the defect or effected the certainty that if an employee touched the metal surface, he would be shocked. Each and every time the metal surface of the refrigerator was touched it produced a shock.
As we stated in our prior action, we find this case more in line with the case of Wainwright v. Moreno's, Inc., 602 So.2d 734 (La. *75 App.3rd Cir.1992). In Wainwright the court found that the employer's act, of ordering the employee back into a ditch when he had been warned that collapse of the ditch was imminent, was an intentional act. In this case, shock and injury were imminent upon contact with the metal surface of the refrigerator. The employer had knowledge of the defective condition of the refrigerator and only placed rubber tubing on the handle. Shock and/or injury remained imminent.
Accordingly, we find no error in the trial court ruling, denying the employer's motion for summary judgment, and affirm that ruling.
AFFIRMED.