714 So.2d 730 (1998)
Marie Louise CALLAWAY, et al.
v.
ANCO INSULATION, INC., et al.
No. 98-C-0397.
Court of Appeal of Louisiana, Fourth Circuit.
March 25, 1998.
*731 Antonio E. Papale, Jr., Julie DiFulco Robles, Barbara Bourdonnay O'Donnell, Robert D. Ford, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, for the Relator.
Robert H. Urann, Nancy Picard, Robein, Urann & Lurye, Metairie, for the Respondents.
Before BARRY, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
Relator seeks review of the trial court's denial of its motion for summary judgment and, in the alternative, exception of no cause of action. Relator asserts that respondents' survival and wrongful death actions are barred by Workers' Compensation Law.
STATEMENT OF THE CASE
Plaintiffs-Respondents have filed a survival and wrongful death action alleging that John R. Callaway, Sr., died from mesothelioma which he contracted due to exposure to asbestos and asbestos-containing substances. Callaway was diagnosed with mesothelioma in December of 1994 and died 4 January 1995. Plaintiffs-Respondents allege the decedent was exposed to such materials during his employment as an insulator with Anco Insulations, Inc., during various times from 1947 to 1977. They sued Anco as well as other former employers and manufacturers and distributors of asbestos and asbestos-containing materials. Anco filed a motion for summary judgment or in the alternative, exception of no cause of action, arguing that plaintiffs' actions are barred by the Workers' Compensation Statute. After a hearing on the motion, the trial court rendered judgment on 26 January 1998, denying Anco's motion for summary judgment. Anco informed the trial court of its intent to seek supervisory writs of review. Anco filed its application for supervisory writs on 20 February 1998.
ANALYSIS
Relator, Anco Insulations, Inc., contends the trial court erred when it denied Anco's motion for summary judgment. Anco argues that the plaintiffs' survival and wrongful death actions are barred by Workers' Compensation Law.
Plaintiffs allege in their survival action that their decedent was exposed to asbestos and asbestos-containing materials various times from 1947 to 1977. The decedent was diagnosed with mesothelioma in December of 1994 and died in January of 1995. Under controlling jurisprudence, a survival action arises at the time of the commission of the tort and survives the death of the injured party. Holmes v. Pottharst, 438 So.2d 622 (La.App. 4 Cir.1983), writ denied, 447 So.2d 1076 (La.1984). In occupational disease cases such as asbestosis and mesothelioma cases, a survival action arises when the injured party is exposed to the toxic substances which cause the disease. Our Supreme Court recognized in Cole v. Celotex, 599 So.2d 1058 (La.1992) that injury producing events determine the time at which a claim arises, as well as the controlling law, when it is alleged that earlier exposure resulted in a belated manifestation of damages. See also Thomas v. Armstrong World Industries, 95-2222 (La.App. 1 Cir. 6/28/96), 676 So.2d 1185, writ denied, 96-1965 (La. 11/1/96), 681 So.2d 1272. In Thomas, the First Circuit held that the date of the plaintiff's exposure to asbestos dictated the applicable workers compensation law. Thus, the plaintiffs' survival action is governed by the workers' compensation statute which was in effect at the time the decedent was exposed to asbestos, i.e., 1947-1977. Prior to amendment *732 in 1975, La.R.S. 23:1031.1 provided, in pertinent part:
Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
A. An occupational disease shall include only those diseases hereinafter listed when contracted by an employee in the course of his employment as a result of the nature of the work performed. Tuberculosis shall not be an occupational disease within the meaning of this Chapter, except when contracted during the course of employment by an employee of a hospital or unit thereof specializing in the care and treatment of tuberculosis patients, and no disease shall be construed to include tuberculosis in its scope, except as herein specified.
(1) Poisoning by or other disease resulting from contact with
(a) the halogens, halogen compounds, and halogenated hydrocarbons
(b) alkaline materials
(c) arsenic, phosphorus, silenium, sulfur, tellurium, and their compounds
(d) oxygen, nitrogen, carbon, and their compounds
(e) cyanides and cyanogen compounds
(f) lead and lead compounds
(g) metals other than lead and their compound
(h) aliphatic hydrocarbons and their nitro, diaso and amino compounds
(i) aromatic and cyclic hydrocarbons and their nitro, amino and other compounds
(j) alcohols
(k) organic and inorganic acids and their derivatives and compounds
(l) esters of aliphatic, aromatic and inorganic acids
(m) aldehydes
(n) ketones
(o) ethers, glycol ethers, and their compounds
(p) phenol and phenolic compounds
(2) Diseased condition caused by exposure to X-rays or radioactive substances.
(3) Asbestosis.
(4) Silicosis.
(5) Dermatosis.
(6) Pneumoconiosis.
(7) Tuberculosis when contracted during the course of employment by an employee of a hospital or unit thereof specializing in the case and treatment of tuberculosis patients.
As the statute did not include mesothelioma as a covered disease or asbestos as a substance which caused disease, the plaintiffs are not precluded from pursuing a negligence action against Anco. See Gautreaux v. Rheem Mfg. Co., 96-2193 (La.App. 4 Cir. 12/27/96), 694 So.2d 977, writ denied, 97-0222 (La. 3/14/97), 690 So.2d 39; and Thomas, supra. In Gautreaux, this court held that since asbestos was not a listed substance which caused disease in the pre-1975 statute, it would not be covered by the exclusive remedy of the workers compensation statute.
However, plaintiffs' wrongful death action is governed by the statute which was in effect at the time of the decedent's death. Just last month, we concluded in Meredith v. Asbestos Corporation, Ltd., 97-2593, 98-0211 (La.App. 4 Cir. 2/18/98), 707 So.2d 1334, and in Holmes v. Pottharst, supra, that a wrongful death action arises at the time of death and the law effective on that date must be applied to wrongful death actions. On 4 January 1995, (the date of decedent's death) La.R.S. 23:1031.1 provided:
A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. An occupational disease means only that disease which is due to causes and *733 conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to said disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
Under this statute, mesothelioma and other asbestos related diseases are compensable under the Worker's Compensation Law. Thus, plaintiffs cannot maintain a negligence action against Anco for the wrongful death of John Callaway.
However, plaintiff may assert an intentional tort against Anco in both their survival and wrongful death actions. The exclusivity statute, prior to 1976 and subsequent to 1976, excluded intentional torts from the workers compensation scheme. La.R.S. 23:1032, prior to its amendment in 1976, stated that "[n]othing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute." Prior to the amendment in 1995, La.R.S. 23:1032(B), stated that "[n]othing in this Chapter shall affect the liability of an employee, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any statute or the liability, civil or criminal, resulting from an intentional act."
"Intentional act," as used in the statute, means "intentional tort." "Intent" has been defined by the Louisiana Supreme Court to mean "that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981). The Court stated in Bazley that "[a]fter considering broader penalties that would have provided double benefits for an employer's violation of a safety rule, failure to provide a safety device required by law, or gross negligence on the part of a supervisory employee, which caused injury, death, or disease, ... our legislature chose to impose a sanction for intentional wrongs by making the exclusive remedy rule inapplicable to such acts."
Under Louisiana jurisprudence, the words "intent and/or intentional" and the allegation that the defendants "knew or should have known" that the plaintiff's injuries were "substantially certain to follow" are not talismans which, by mere recital, convert allegations into creditable claims of true intentional torts against an employer, such that workman's compensation is not the exclusive remedy. Taylor v. Metropolitan Erection Co., 496 So.2d 1184 (La.App. 5 Cir.1986), writ denied, 497 So.2d 1388 (La.1986).
Mere knowledge and appreciation of a risk does not constitute intent. Williams v. Gervais F. Favrot, Inc., 573 So.2d 533 (La.App. 4 Cir.1991) writ denied, 576 So.2d 49 (La.1991). Nor is a high probability of injury sufficient to establish intent under the intentional tort exception. Holliday v. B.E. & K. Const. Co., 563 So.2d 1333 (La.App. 3 Cir.1990). If the risk is great enough, an employer's conduct might be characterized as reckless or wanton, but it still does not rise to the level of an intentional tort. Rather, the employer's conduct will not be considered intentionally tortious until the known danger ceases to be only foreseeable and becomes a substantial certainty. Williams v. Gervais F. Favrot Co., Inc. supra.
In their petition, the plaintiffs allege that Anco and/or its executive officers knew or should have known of the dangers associated with asbestos.
12.
Defendants Anco Insulations, Inc., ACandS [sic], Inc., Eagle, Inc., Taylor Seidenbach and the McCarty Corporation, and their executive officers were aware or should have been aware of the dangers associated with exposure to asbestos fibers and that plaintiffs' decedent would contract lung disease as a result of this exposure, but failed and refused to apprise plaintiffs' decedent of the aforementioned dangers thereby causing him to be exposed to continued harm.

*734 13.
Defendants, Anco Insulations, Inc., ACandS, Inc., Eagle, Inc., Taylor Seidenbach and the McCarty Corporation, and their executive officers were responsible for providing plaintiffs' decedent with a safe place to work and safety equipment with which to conduct his work, Plaintiffs aver that Defendants, Anco Insulations, Inc., ACandS, Inc., Eagle, Inc., Taylor Seidenbach, and the McCarty Corporation and their executive officers negligently and/or intentionally failed to comply with this responsibility and failed to protect plaintiffs' decedent from exposure to asbestos dust and fiber.
14.
In addition to the foregoing acts, Anco Insulations, Inc., ACandS, Inc., Eagle, Inc., Taylor Seidenbach and the McCarty Corporation and their executive officers are guilty of the following:
a) Failing to reveal and knowingly concealing critical medical information to plaintiffs' decedent;
b) Failing to reveal and knowingly concealing the inherent dangers in the use of asbestos fiber and dust in the workplace;
c) Failing to provide necessary protection to plaintiffs' decedent;
d) Failing to maintain its fabricating shop which was within its care, custody and control in a manner which would prevent friable asbestos fibers from entering the lungs of plaintiffs' decedent; and
e) Other acts which may be revealed at the trial of this matter. Plaintiffs aver that Anco Insulations, Inc., ACandS, Inc., Eagle, Inc., Taylor Seidenbach and the McCarty Corporation and their executive officers committed these intentional acts knowing full well that plaintiff's injuries were substantially certain to follow.
* * * * * *
22.
Plaintiffs allege that each of the defendants knew that exposure to asbestos would cause diseases such as suffered by their husband and father and if defendants did not know such fact, it was through their gross negligence, willful and conscious indifference and utter disregard for persons such as plaintiffs by the defendants, their supervisors, vice-principals, and officers.
Anco has not produced any documentation, e.g. affidavits, pleadings or depositions, to refute the plaintiffs' allegations of an intentional tort. However, Anco argues in its brief that the plaintiffs will be unable to prove at trial that the defendant knew of the risks involved with asbestos products and that exposure to such products would result in fatal disease. Plaintiffs have not offered any evidence to show that they will be able to meet their burden of proof at trial.
La.C.C.P. art. 966 provides inter alia:

C. (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. (emphasis supplied)

CONCLUSION
In the case at bar, the plaintiffs have not produced any evidence to indicate that they will be able to prove at trial that Anco knew of the risks involved with the handling of asbestos and asbestos products and concealed such information from its employees.
Thus, plaintiffs have not indicated that they will be able to meet their burden of *735 proving that Anco committed an intentional tort.
Therefore, Anco is entitled to a summary judgment dismissing the plaintiffs' claims of intentional tort. In addition, Anco is entitled to a summary judgment dismissing the plaintiffs' wrongful death action.
ACCORDINGLY, Anco's application for supervisory writs is DENIED IN PART and GRANTED IN PART.
The trial court's judgment denying Anco's motion for summary judgment as to the plaintiffs' survival action in negligence is AFFIRMED.
The trial court's judgment denying Anco's motion for summary judgment as to the plaintiffs' wrongful death action and intentional tort claims is REVERSED.
APPLICATION FOR SUPERVISORY WRITS DENIED IN PART AND GRANTED IN PART.