[¡¿EDWARDS, Judge.
Plaintiff/appellant Ricky Leo Keller appeals a judgment in favor of defendant/ap-pellee Evans Cooperage Company Inc., dismissing his intentional tort suit with prejudice. Evans moved for summary *190 judgment on the grounds that Keller was injured while working at Evans Harvey plant, and there is no issue of material fact regarding whether the injuries sustained were caused by an intentional act. Also at issue was Keller’s entitlement to damages under La. Civil Code Art. 2315.3.[1] For the reasons to follow we affirm summary judgment.
| sThis case has previously been before this court.[2] There we summarized the facts as follows:
Keller was injured in the course and scope of his employment at Evans’ Harvey plant. Though working at Evans’ plant, Keller was an employee of BMP, the temporary employment agency who furnished supplemental workers to Evans. On July 31, 1992, Keller was sprayed with caustic soda from a broken overhead pipe, burning him over 95% of his body and causing the loss of sight in one eye. Keller sued Evans in ordinary tort alleging that the immunity provided by LSA-R.S. 23:1032 is unconstitutional. (Plaintiff Barbara Keller, Ricky’s mother, claims loss of consortium). In a first supplemental and amended petition, Keller amended his petition to add a cause of action in intentional tort against Evans. Evans answered, alleging the Kellers’ only remedy against it was for worker’s compensation. Fidelity, the worker’s compensation carrier of BMP, intervened in the suit, seeking reimbursement for compensation paid to Keller.
Evans moved for- summary judgment, alleging that it was Keller’s statutory employer and thus, under the provisions of LSA-R.S. 23:1032, immune to suit in ordinary tort, and specifically asked the court to find this immunity constitutional. Fidelity amended its petition to allege that Evans was the borrowing employer of Keller and was thus responsible for one-half of all compensation benefits already paid, and payable in the future by Fidelity. The trial court granted summary judgment in favor of Evans on both issues.
Keller appealed only the finding that LSA-R.S. 23:1032 is constitutional. (He does’ not appeal the factual determination that Evans was his statutory employer.) Fidelity also appealed, alleging summary judgment was improper because of unresolved factual issues, specifically whether Evans Cooperage’s actions constituted an intentional tort against plaintiff Keller.[3]
In that case, the issue of Keller’s suit in intentional tort against Evans was not before us, and that judgment and subsequent opinion did not affect Keller’s suit |4in intentional tort against Evans, as the immunity granted by LSA-R.S. 23:1032 sounds in ordinary tort only.[4] We determined that Lá. R.S. 23:1032 was constitutional.
In a Second Supplemental and Amending Petition, Keller alleged that Evans designed and maintained the turnaround for the heat exchange unit which failed and caused the accident, and that the company failed to properly maintain or inspect the unit. It was further alleged that Evans knew the unit would eventually fail and was substantially certain to injure any employees in the area, and that it had required Keller to work within close proximity of the unit with knowledge of this danger. In a Third Supplemental and Amending Petition, Keller urged that Evans should be held liable for punitive dam *191 ages under Civil Code Art. 2315.3. The petition also urged that Evans was strictly liable.
Evans filed an Exception of No RighV Cause of Action and Answer. Later Evans filed a Motion For Summary Judgment, averring that in the second and third supplemental petitions Keller failed to set forth facts which effectively pleaded an intentional tort or a cause of action pursuant to Civil Code art. 2315.3. Additionally, Evans averred that it could not be held liable for exemplary damages because it did not operate the heat exchange unit with wanton or reckless disregard for public safety. In a Fourth Supplemental and Amending Petition, Keller stated with more specificity the particulars of his claim under article 2315.3.
Memoranda with supporting exhibits were filed by both sides. Following argument of counsel, the trial court found there was no question of material fact which indicated that an intentional act took place. Summary judgment was granted | adismissing Keller’s intentional tort suit against Evans. It is this summary judgment which is presently on appeal.
In connection with its Motion for Summary Judgment, Evans offered the affidavit of Horace X. Williams, its plant manager. Williams described the heat exchange unit:
[the unit is]..a pipe within a pipe. Heat generated from an after burner section of the drum burner passes through the interior pipe; liquid which is used in cleaning drums passes between the exterior of the interior pipe and the inside of the outer pipe. The pipe carrying the liquid enters a welded steel turnaround box and exits back into a pipe at the other end of the turnaround box. The turnaround box is utilized, as its name implies, to make a u-turn in piping.
Williams stated that the unit was constructed in 1986 and that the unit was inspected regularly and cleaned to maintain its integrity, and to discover and correct any potential problems. These visual inspections revealed no defects. At no time were there any malfunctions to suggest the accident at issue was substantially certain to occur, and that the unit had operated continuously without causing injury. The facility is located on private property and public access is strictly prohibited. The public was never exposed to the liquids used in the exchange. In his deposition, Williams stated that some weld repairs had to be made on the flange of the heat exchange, which is not near the turn around box. After the accident, the system was not repaired, but was modified using a much shorter pipe.
In opposing summary judgment, Keller submitted a material safety data sheet on caustic soda that included information on handling and storage. Also submitted was an affidavit of Robert T. Bell, an expert in the field of metal failure analysis. Bell reviewed Williams’ deposition along with various scientific and scholarly publications. He concluded that caustic soda, when circulated through systems [ fisuch as the Evans’ heat exchanger, causes embrit-tlement of the exposed steel, and that any non stress relieved weld seam in such steel will deteriorate to a greater degree than the metal itself. Such seams exposed to heated caustic soda are virtually certain to fail, and visual inspections of these weld seams is not a prudent practice. Bell concluded that based on the description by Williams of the inspection techniques employed by Evans that the failure of a weld seam was certain to occur eventually.
Our Supreme Court has recently summarized the law on summary judgment:
Our review of a grant or denial of a motion for summary judgment is de novo. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment *192 as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure .the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:
The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). “In effect, the amendment ‘levels the playing field’ between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed.” “The amendment to Art. 966 brings Louisiana’s standard for summary judgment closely in line with the federal standard under Fed. Rule Civ. Proc. 56(c) ...”[5]
La. R.S. 23:1032(B) provides the intentional act exception to the exclusivity of worker’s compensation. This exception has been held to mean the same as “intentional tort” in reference to civil liability.[6] The meaning of “intent” in this |7context is that the person who acts either (1) eon-sciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.[7] The Supreme Court has narrowly construed the intentional act exception, recently reversing a decision of this court which had found the employer committed an intentional act by knowingly maintaining a refrigerator where paint and some food were stored which produced an electrical shock each and every time a person came into contact with the refrigerator.[8]
Substantial certainty requires more than a reasonable probability.[9] The injury must be inevitable. The injury-causing event must be incapable of failing.[10] A high probability of someone getting hurt is not enough. The exception is designed for acts that are intentional, not for acts that are wanton or reckless or careless or grossly negligent. The violation of safety standards, without more, is generally not sufficient.[11]
The Third Circuit recently considered a case in which a plaintiff was burned by an explosion of a muriatic acid accumulator.[12] While the defendant therein had never experienced such an accident, it was discovered that the valve that failed had malfunctioned in the past and that part of the valve was improperly installed. An OSHA investigation resulted in 23 citations and a fine of $150,000.00. The Third Circuit found that although the defendant acted negligently, there was no support in |Rthe *193 record, on a motion for summary judgment, for a finding of an intentional act on the part of the defendant.
The issue before us on this appeal is whether, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, Evans proved that it lacked the requisite intent for a tort action, and that there were no questions of material fact. The court must draw inferences from undisputed facts which are most favorable to the party opposing the motion.[13] Our examination of the facts of this case compels us to conclude that Evans carried its burden of proof. In the present matter, the weld seam on the heat exchange unit had functioned for years without failure or incident. There was no visible indication of an imminent rupture. Mr. Bell’s affidavit does not contradict those facts. Our review of the record shows that although Evans may have been negligent in failing to take other steps to reduce the possibility of this accident, such negligence does not rise to the level of an intentional act. Mr. Keller has failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. With regard to Mr. Keller’s claim for exemplary damages under Civil Code Art. 2315.3, it has been held that such damages were not recoverable in a worker’s compensation situation.[14] Because we have found that the instant case is not one of an intentional act, it is clear that Mr. Keller is not entitled to proceed under article 2315.3. Further, there is nothing in the record to suggest the requisite wanton or reckless disregard for public safety@. For the foregoing reasons, the judgment is affirmed. Costs of this appeal are taxed to Mr. Keller.
AFFIRMED.

.The now repealed Civil Code Art. 2315.3 read as follows:
In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiffs injuries were caused by the defendant’s wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

. Keller v. Evans Cooperage, Inc. 94-006 (La. App. 5 th Cir. 5/31/94), 641 So.2d 552, writ denied 94-2545 (La.1/13/95), 648 So.2d 1339.

. Id., at p.553

. Id., at. p. 554.

. Independent Fire Insurance Co. v. Sunbeam Corporation, 99-2257, (La.2/29/00), 755 So.2d 226; citing Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991) and Hardy v. Bowie, 98-2821, p. 5, 744 So.2d 606 (La.9/8/99).

. Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208.

. Bazley v. Tortorich, 397 So.2d 475, 480 (La.1981).

. Casto v. Fred's Painting, Inc., 96-405 (La.App. 5 th Cir. 1/15/97), 688 So.2d 72, rev’d, 97-0374 (La.4/4/97), 692 So.2d 408.

. Reeves, supra, at p. 212; Abney v. Exxon Corp., 98-0911 (La.App. 1 st Cir. 9/24/99), 755 So.2d 283, 286; writ denied 1999-C-3053, 753 So.2d 216 (1/14/2000).

. Reeves v. Structural Preservation Systems, supra, at p. 212; Abney v. Exxon Corp., supra.

. Abney v. Exxon Corp., supra. See also Reeves, supra.

. Guillory v. Olin Corp., 99-567 (La.App. 3 Cir. 10/13/99), 745 So.2d.713, writ denied 1999-C-3600, 754 So.2d 968 (La.2/18/2000).

. Independent Fire Insurance Co. v. Sunbeam Corporation, supra, p. 8, 755 So.2d at 235.

. Adams v. J.E. Merit Const., Inc., 97-2005, (La.5/19/98) 712 So.2d 88.