# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-9


**LOUIS GUILLORY, ET AL.**

**VERSUS**

**CITY OF LAKE CHARLES**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-1538
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Leonard Knapp, Jr.**
**P. O. Box 1665**
**Lake Charles, LA 70602**
**Telephone: (337) 439-1700**
**COUNSEL FOR:**
**Plaintiffs/Appellants - Louis Guillory, Dianna Simien, and Onzeletta**
**Marks**


**Joseph Arthur Smith, III**
**Adrienne Rachel**
**Smith Law Firm**
**830 North Street**
**Baton Rouge, LA 70802**
**Telephone: (225) 383-7716**
**COUNSEL FOR:**
**Plaintiffs/Appellants - Louis Guillory, Dianna Simien, and Onzeletta**
**Marks**

**Christopher E. John**
**Assistant City Attorney**
**P. O. Box 900**
**Lake Charles, LA 70602-0900**
**Telephone:  (337) 491-1523**
**COUNSEL FOR:**
**Defendant/Appellee - City of Lake Charles**

**THIBODEAUX, Chief Judge.**

Plaintiffs/appellants and city bus drivers, Louis Guillory and Dianna Simien, filed suit against the City of Lake Charles alleging that the City committed an intentional act by requiring them to drive defective buses, which led to severe injury. Plaintiffs contend that the City's conduct invokes the intentional act exception to the Workers' Compensation Act (Act), La.R.S. 23:1032(B), and that they are entitled to sue in district court. The City filed a Motion for Summary Judgment in which it argued that the Plaintiffs were limited to a workers' compensation remedy. The trial court granted the motion, and Plaintiffs appeal. For the following reasons, we affirm.

I.

**ISSUES**

We will consider whether the trial court erred in granting summary judgment to the City.

II.

**FACTS AND PROCEDURAL HISTORY**

Mr. Guillory and Ms. Simien, Plaintiffs, were city bus drivers for many years, and had complained about the buses several times. According to Plaintiffs, the seats and other parts of the buses were poorly maintained and provided a bumpy and dangerous ride for the drivers. After years of experiencing the jolting effects of the seats, Plaintiffs sustained severe back and neck injuries. To date, Mr. Guillory has received $271,173.10 in wage and medical workers' compensation benefits, and Ms. Simien has received $19,843.92. Plaintiffs allege that the City knew their injuries were substantially certain and still refused to repair

the buses. Plaintiffs filed suit in district court, asserting that the City's conduct falls under the intentional tort exception to the Act. The City's Motion for Summary Judgment contended that the Act provides Plaintiffs' only remedy. The trial court granted the motion, and Plaintiffs appeal.

## III.

## <u>LAW AND DISCUSSION</u>

### *Standard of Review*

We review a grant of summary judgment de novo "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. If the mover will not bear the burden of proof at trial on the matter, then he must present evidence showing a lack of factual support for one or more elements essential to the non-mover's case. La.Civ.Code art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. *Id.* If the non-mover fails to present some evidence that he might be able to meet his burden of proof, the motion should be granted. *Id.*

### *Discussion*

Plaintiffs argue that the Act's exclusivity requirement is inapplicable because the City knew they would be injured if they continued to drive buses with

defective transmissions, shocks, and seats. We disagree. The Workers' Compensation Act shields employers from civil liability stemming from employees who are injured in the course and scope of their employment; the Act provides the exclusive remedy to such employees. La.R.S. 23:1032(A). The exclusivity provisions do not apply, however, if the injury resulted from an intentional act. La.R.S. 23:1032(B). An intentional act in this context has the same meaning as an intentional tort; that is, the person who acts either "(1) consciously desires the physical result of his act[;] . . . or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich*, 397 So.2d 475, 481 (La.1981). The Louisiana Supreme Court has interpreted the intentional act exception narrowly. Substantial certainty "requires more than a reasonable probability that an injury will occur;" specifically, it means an injury is inevitable or incapable of failing. *Reeves v. Structural Pres. Sys.*, 98-1795, p. 9 (La. 3/12/99), 731 So.2d 208, 213 (quoting *Jasmin v. HNV Central Riverfront Corp.*, 94-1497 (La.App. 4 Cir. 8/30/94), 642 So.2d 311, 312).

In the first instance, we find that even if all of Plaintiffs' allegations prove true, this conduct does not rise to the level of an intentional tort. The intentional act exception is measured against an increasingly high standard. The exception was found inapplicable in many cases analogous to this one, specifically where an employer: failed to provide safety equipment; failed to remedy a situation in which an electrical shock resulted every time someone touched a specific door; maintained a forklift in an unsafe condition; and allowed workers to use a dangerous machine with a high probability of injury. *See Reeves*, 731 So.2d 208; *Castro v. Fred's Painting, Inc.*, 96-405 (La.App. 5 Cir. 1/15/97), 688 So.2d 72, *rev'd*, 97-0374 (La. 4/4/97), 692 So.2d 408; *Leger v. Hardy Rice Drier, Inc.*,

93-1512 (La.App. 3 Cir. 6/1/94), 640 So.2d 650; *Holliday v. B.E. & K. Const. Co.*, 563 So.2d 1333 (La.App. 3 Cir. 1990).

Even if Plaintiffs' supervisors had actual knowledge to a substantial certainty that the faulty driver's seats were not repaired and were continually causing injury to the drivers, Plaintiffs would not be entitled to sue, according to our jurisprudence. Out of an abundance of caution, however, we will address Plaintiffs' arguments.

Plaintiffs rely on the Louisiana First Circuit Court of Appeal's decision in *Abney v. Exxon Corp.*, 98-911 (La.App. 1 Cir. 9/24/99), 755 So.2d 283, *writ denied*, 99-3053 (La. 1/14/00), 753 So.2d 216 to support their position. In that case, the plaintiffs were hired to perform welding and gouging on a fractionation tower with poor ventilation and no safety equipment. The plaintiffs were constantly exposed to known carcinogens and experienced nose bleeds and other symptoms every time they went to work. *Id.* This exposure forced the plaintiffs to quit their jobs after only several weeks. That court held that when an employer knows of the risks and repeatedly sends an employee back to work without safety equipment or remedial measures being taken, the intentional act exception applies. *Id.*

*Abney* is inapplicable to the instant case. In *Abney*, the employer refused to remedy the hazardous situation and refused to implement specific recommended safety measures. In this case, on the other hand, Plaintiffs admit that their supervisors submitted the buses for repairs whenever the drivers complained. In fact, the City has presented dozens of work orders indicating that Plaintiffs' supervisors went through the appropriate channels to ensure the buses were regularly maintained. The City clearly attempted remedial measures, even if

4

those measures were ultimately unsuccessful. As the court in *Abney* explained, "remedial measures attempted by the employer negate any intent on its part that an injury would occur." *Id.* at 288-89. Failing to follow up on requested repairs does not rise to the level of an intentional tort.

Plaintiffs point to their supervisors' knowledge that they had experienced back and neck injuries in the past as evidence of intent. Although prior injury is a factor to consider in the substantial certainty test, it is not dispositive. Further, "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act." *Reeves*, 731 So.2d at 212. The City's knowledge of Plaintiffs' injuries did not require it to do anything more than submit the buses for repair and maintenance, which it did.

The City did not commit an intentional act by failing to follow up on the buses' maintenance and repairs. We find there is no genuine issue of material fact and Plaintiffs' claims fall exclusively within the purview of the Workers' Compensation Act.

IV.

## CONCLUSION

For the reasons above, we affirm the trial court's grant of summary judgment to the City of Lake Charles. Costs of this appeal are assessed against Appellants, Louis Guillory and Dianna Simien.

**AFFIRMED.**

5