**EARL T. LINDSAY, JR. AND JOCELYN BUTLER**

**VERSUS**

**PORTS AMERICA GULFPORT, INC., ET AL.**

\*     NO. 2023-C-0155

\*     **COURT OF APPEAL**

\*     **FOURTH CIRCUIT**

\*     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-01610, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

**BELSOME, J., CONCURS IN THE RESULT**

Brett M. Bollinger
Jeffrey E. McDonald
L. Peter Englande
Brad D. Ferrand
TREADWAY BOLLINGER, LLC
466 N. Florida Street, Suite 2
Covington, Louisiana
70433

       COUNSEL FOR RELATOR/DEFENDANT

James M. Williams
Taquincia Jairles
CHEHARDY, SHERMAN, WILLIAMS, RECILE, & HAYES, LLP
One Galleria Boulevard, Suite 1100
Metairie, Louisiana
70001

       COUNSEL FOR RESPONDENT/INTERVENORS

                     **STAY DENIED; WRIT GRANTED IN PART; JUDGMENT REVERSED IN PART; WRIT DENIED IN PART**
                     **APRIL 17, 2023**

*TGC*
*DNA*

Relator/Defendant, Ports America Gulfport, Inc., et al (hereinafter collectively referred as "Ports America") seeks supervisory review of the trial court's March 24, 2023 judgment. For the reasons that follow, we grant the writ in part, reverse in part, and deny in part.

### FACTS AND PROCEDURAL HISTORY

On February 12, 2015, Earl T. Lindsay Sr. (hereinafter "Mr. Lindsay") was diagnosed with asbestos related lung cancer and succumbed to his cancer on February 18, 2015. One year later, Respondents/Plaintiffs, Earl T. Lindsay Jr. and Jocelyn Butler (hereinafter collectively "Plaintiffs") filed a survival and wrongful death action, alleging that Mr. Lindsay died from asbestos-related lung cancer which he contracted due to his occupational exposure to asbestos containing materials. Plaintiffs' petition named multiple defendants including Mr. Lindsay's former employer, Ports America.

On May 1, 2017, Respondents/Intervenors, Reginald Rivers and Mosi Makori (hereinafter collectively "Intervenors"), on behalf of their deceased father, Lyndon Rivers, filed a petition for intervention alleging they were the biological

1

grandchildren of Mr. Lindsay. Intervenors subsequently filed an amended and supplemental petition for intervention and to establish paternity.

Plaintiffs and Ports America filed exceptions of prescription which the trial court granted. Intervenors subsequently sought review with this Court. *See Lindsay v. Ports America Gulport, Inc.*, et al., 2019-0360 (La.App. 4 Cir. 12/4/19), 286 So.3d 534. This Court reversed the trial court's granting of the exception of prescription and remanded the case to allow Intervenors an opportunity to establish paternity pursuant to La. C.C. art. 2315.1. *See Lindsay*, 2019-0360, p. 12, 286 So.3d at 541.

On May 31, 2017, Ports America settled the claims of "plaintiffs, Earl T. Lindsey and Joycelyn L. Butler, individually and on behalf of the deceased Earl Lindsay, against Ports America Gulf, Inc. and its predecessor companies, in full, for the sum of $92,500.00. This settlement includes indemnification in favor of Ports America by plaintiffs for the intervention recently filed by Reginald Rivers and Mosi Makori, the heirs of Lyndon Rivers, who is presumably an alleged heir of Earl Lindsay."

Ports America filed a motion for partial summary judgment on the wrongful death claims against both Plaintiffs and Intervenors on December 2, 2022. Specifically, Ports America's motion for partial summary judgment maintains that Mr. Lindsey was an employee of Ports America and any wrongful death claims are barred by the Louisiana Workers' Compensation Act. Intervenors opposed the motion, Plaintiffs did not.

Ports America also filed a motion for partial summary judgment as to Intervenors' survival claims and a motion to enforce settlement with Plaintiffs and Intevenors. Ports America's motion for summary judgment maintains that

Intervenors' survival claims are barred because Intervenors have failed to establish themselves as survival beneficiaries as required by this Court's previous ruling.

Ports America's motions came before the trial court on February 10, 2023. The trial court denied the motion for partial summary judgment as to Plaintiffs and Intervenors wrongful death claims and denied the motion for partial summary judgment as to Intervenors survival claims. However, the trial court denied the motion to enforce settlement filed by Ports America and reset the matter for April 26, 2023. A judgment was reduced to writing on March 24, 2023. This application for supervisory review followed.[1]

## STANDARD OF REVIEW

This Court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Reddick v. State*, 2021-0197, p. 5 (La.App. 4 Cir. 9/29/21), 328 So.3d 505, 507. We have stated the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

---

[1] On March 27, 2023, Intervenors filed a motion to stay Ports America's application for supervisory writ pending the outcome of Ports America's motion to enforce settlement.

*Reddick*, 2021-0197, p. 5, 328 So.3d at 505-08 (*quoting Chatelain v. Fluor Daniel Const. Co.,* 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793.

### SUMMARY JUDGMENT

"It is well settled that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action…" La. C.C.P. art. 966(A)(2); *Reddick*, 2021-0197, p. 6, 328 So.3d at 508. A motion for summary judgment may be granted if the pleadings, depositions, answers to discovery, admissions on file, and affidavits demonstrate that there is no genuine issue of material fact and the mover is entitled to a judgment as a matter of law. *Reddick*, 2021-0197, p. 6, 328 So.3d at 508.

"A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Id*. "A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Id*. La. C.C.P. art. 966, provides, in pertinent part:

> …[t]he burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So. 2d 37, 39. Summary judgment is rendered against an adverse party if it fails to set forth

4

specific facts demonstrating a genuine issue of material fact. *Reddick*, 2021-0197, p. 7, 328 So.3d at 508; La. C.C.P. art. 967(B).

DISCUSSION

Ports America avers that Plaintiffs' and Intervenors' wrongful death claims are barred by the Louisiana Workers' Compensation Act. Wrongful death claims are generally not permitted against an employer; however, there is an exception to the rule. The exception requires a showing that the employer committed an intentional act against which resulted in the employee's injury. *Marino v. Boh Bros. Const. Co., L.L.C.*, 2007-1090, p. 5 (La.App. 4 Cir. 4/2/08), 982 So.2d 887, 891. Ports America submits that no evidence has been presented to suggest that Mr. Lindsay's occupational exposure to asbestos was an intentional act against the employee. Thus, summary judgment is appropriate to both Plaintiffs' and Intervenors' claims for wrongful death.

The exclusive rights and remedies of an employee and an employer's liability are set forth in La. R.S. 23:1032, which provides in pertinent part,

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
> (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
> (2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time

5

of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

C. The immunity from civil liability provided by this Section shall not extend to:

> 1) Any officer, director, stockholder, partner, or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and

> (2) To the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.

Thus, the issue before us requires a determination of whether there are genuine issues of material fact which establish an intentional act within the meaning of La. R.S. 23:1032. If answered in the affirmative, the heirs have a legal remedy in a tort action for Mr. Lindsay's death. If answered in the negative, the only recourse is under workers' compensation. The burden of proof of whether the "intentional act exception" applies rests with the injured employee. *Marino*, 2007-1090, p. 5 (La.App. 4 Cir. 4/2/08), 2007-1090, p. 6, 982 So.2d at 890-91.

As a threshold matter, we point out that Plaintiffs did not file an opposition to Ports America's motion for partial summary judgment. In fact, Plaintiffs settled all claims with Ports America and agreed to indemnify Ports America for any claims asserted by Intervenors. Although Intervenors did file an opposition to Ports America's motion for partial summary judgment, the opposition simply reasserts the allegations in Plaintiffs' original petition. Intervenors failed to produce any affidavits or depositions as required by La. C.C.P. art. 966 or any evidence to establish that Ports America knew or should have known the risks of handling

asbestos related products and concealed such information from its employees. *See Callaway v. Anco Insulations*, 1998-0397, p. 8 (La.App. 4 Cir. 3/25/98), 714 So.2d 730, 735. Thus, the exclusion does not apply. Accordingly, we find no genuine issues of material fact exist as to the wrongful death claims. Plaintiffs and Intervenors claims for wrongful death are barred by La. R.S. 23:1032; therefore the trial court erred in denying Ports America's motion for partial summary judgment on the wrongful death claims.

### DECREE

Accordingly, we grant Ports America's writ application in part; reverse the trial court's judgment denying Ports America's motion for partial summary judgment on both Plaintiffs' and Intervenors' wrongful death claims. As to the remaining issues, the writ is denied. Intervenors' stay is denied.

**STAY DENIED; WRIT GRANTED IN PART; JUDGMENT REVERSED IN PART; WRIT DENIED IN PART**